(110 App. Div. 558.)

### IRVING v. BRUEN.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. EQUITY—ACTION TO SET ASIDE WILL—ADEQUATE REMEDY AT LAW.

As an action at law may not be maintained to set aside a will before probate, under Code Civ. Proc. § 2653a, authorizing an action to set aside a will after probate, a suit may be brought in equity for such relief.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 121; vol. 49, Cent. Dig. Wills, § 543.]

2. SAME—PLEADING.

The fact that plaintiff has an adequate remedy at law is not available as a defense unless pleaded.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 173, 174.]

3. ACTION—JOINDER.

Where defendant wrongfully obtained from her father two papers, one a will and the other a deed, either of which would give her the right to certain real estate in controversy, suits in equity to set aside the deed and the will before probate were properly joined and tried as one.

4. WILLS—PROBATE—REAL ESTATE—DISPOSITION.

Real estate of a testator passes under a will from the death of the testator without probate.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 510, 1005.]

**5. SAME—TESTAMENTARY CAPACITY—SUBSCRIBING WITNESSES—CONCLUSIONS.**

On an issue as to the testamentary capacity of a testator, the conclusion of the subscribing witness to the will is admissible.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 116, 680.]

Kellogg, J., dissenting.

Appeal from Special Term, Washington County.

Action by Anna Irving against Eliza Bruen. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Upon the 6th day of August, 1901, Daniel Guerin deeded to the defendant, one of his daughters, all of his real estate. On the 17th day of November, 1902, he made a will in which he gave to her all of his property, both real and personal. This action is brought to set aside both the deed and the will as executed by him while incompetent to execute the same, and upon the ground that his action was constrained by undue influence exerted by the defendant Eliza Bruen. The case was tried before the court without a jury. The facts were found that Daniel Guerin was incompetent at the time he executed both the deed and the will, and also that both instruments were procured by the undue influence of the defendant, Eliza Bruen.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

D. J. Sullivan, for appellant.
Erskine C. Rogers, for respondent.

SMITH, J. However well supported may be the finding that these papers were executed by Daniel Guerin while incompetent to execute them, the finding that they were procured by undue influence cannot be held to be against the weight of evidence. The fact that this defendant, Eliza Bruen, procured from Daniel Guerin a conveyance of all his property in a manner substantially similar to that which was attempted theretofore by John Guerin, which attempt was thwarted by her and then strongly condemned, throws light upon the transaction from which her actions must in a measure be judged. She was on the witness stand before the trial judge, and her appearance there undoubtedly had effect upon the determination that she had overreached her father and the other heirs in securing from him a deed and will of all his property. Without commenting in detail upon the evidence produced, it is sufficient to say that the evidence does not so far preponderate against the conclusion reached by the trial judge as to authorize us to reverse his finding of fact.

The judgment is challenged upon the law, however, first as a judgment setting aside a will which has not been admitted to probate. Attention is called to the fact that by section 2653a, Code Civ. Proc., which authorizes an action to set aside a will, it is only a will that is admitted to probate that under that section is subject to be set aside in an action. In Wallace v. Payne, 9 App. Div. 34, 41 N. Y. Supp. 111, it was held that the moment a will was admitted to probate an action at law could be brought under this section, and therefore that a party who would set aside the will had a complete and adequate remedy at law, and could not bring an action in equity to set it aside, although his action at law had not accrued by reason of the fact that the will had not yet been admitted to probate. Where

an action at law does not exist, however, under the statute an action in equity has been maintained to set aside a will in equity. Brady v. McCosker, 1 N. Y. 214. The fact that plaintiff has an adequate remedy at law is not available as a defense unless it be pleaded. Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541; Lough v. Outerbridge, 143 N. Y. 277, 38 N. E. 292, 25 L. R. A. 674, 42 Am. St. Rep. 712. That plaintiff had an adequate remedy at law is not here pleaded.

In this action it has been found that defendant has wrongfully obtained from Daniel Guerin two papers, either of which would give to her the right to this real estate. To set aside the deed an action in equity is necessary. It would be cumbersome practice which would require an action to set aside a deed and a second action after the will had been probated to set aside the will. Real estate passes under a will from the death of the testator without probate. Corley v. McElmeel, 149 N. Y. 228, 235, 43 N. E. 628. Moreover, the deed and the will are part of one scheme to obtain the property of deceased. It was especially fitting, therefore, that these actions should be joined and tried as one.

Complaint is further made of the admission in evidence of the testimony of Charles McGinnis as to whether Daniel Guerin was competent to make a will. Charles McGinnis was one of the witnesses to the will If that issue were properly before the court, the conclusion of the subscribing witness has always been held to be admissible. In the large amount of testimony that was offered, however, we cannot believe that the allowance of this evidence, even if it be inadmissible, had such an influence upon the mind of the trial judge as to have controlled his decision. We have examined the other exceptions presented, and find no cause for disturbing the conclusion reached by the trial judge.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KELLOGG, J., who dissents.