Helen R. QUINLAN, Jeanette R. Aitken, Catherine B. Russell, as Executrix of the Estate of John N. Russell, Deceased, F. Kenneth Fagan, Arthur J. Fagan and Donald Fagan, Plaintiffs,

v.

EMPIRE TRUST COMPANY, William E. Conley, Kenneth Fox and Ruth Zverina, Defendants.

United States District Court
S. D. New York.
March 23, 1956.

John Collins, New York City, Sherpick, Regan & Davis, New York City, of counsel, for plaintiffs.

Charles G. Coster, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

In this action, plaintiffs, who are the next of kin and distributees of the late Nellie T. Houley (hereafter Mrs. Houley), seek to have declared null and void, upon the grounds of fraud, undue influence and mental incapacity, certain instruments executed by Mrs. Houley, to wit: (1) an agreement executed on June 9, 1951 whereby Mrs. Houley agreed to make a will leaving all of her property to the defendant Conley, her son-in-law; (2) a trust agreement between Mrs. Houley and defendant Empire Trust Company executed on January 5, 1952, which assigned the bulk of Mrs. Houley's property to the Trust Company to hold in trust for Mrs. Houley during her life and upon her death to pay the remainder to defendant Conley; (3) two wills executed by Mrs. Houley on December 5, 1951 and June 9, 1951, insofar as these wills purported to leave Mrs. Houley's residuary estate to Conley. Further, plaintiffs seek a declaratory judgment that they, either as the sole distributees of Mrs. Houley or as legatees under a will she executed on February 4, 1952, are substantially entitled to the estate of Nellie T. Houley. Jurisdiction of this Court is invoked on the grounds of diversity of citizenship.

By this motion, defendants seek dismissal of the complaint on the grounds that this Court does not have jurisdiction of the subject matter of this action, and that there has been a failure to join an indispensable party.[1]

As authority for their first contention, defendants have cited cases which stand for the proposition that where a state has enacted laws vesting exclusive jurisdiction of all decedent estate matters in special courts, and where the state courts of original jurisdiction have no power to take cases involving the validity of wills, then the federal courts sitting in that state are also without jurisdiction of an action contesting the validity of a will. These cases are, how-

---

1. Plaintiffs have contended that this motion is not timely as under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., defendants had the option of raising these questions either by motion or pleading, and having raised these issues in their answer, they are precluded from bringing this motion. The answer to this contention is that Rule 12 (d) provides that the defenses enumerated in Rule 12(b) whether made in a pleading or by motion "shall be heard and determined before trial on application of any party" unless the court orders the hearing deferred until trial.

ever, inapposite here, as in New York, the court of general original jurisdiction, the Supreme Court, has jurisdiction in such matters as are raised here. In In re Malloy's Estate, 1938, 278 N.Y. 429, 432, 17 N.E.2d 108, 109, the Court of Appeals stated:

"The Supreme Court is a court of general jurisdiction. It may take the account of a trustee, probate a will, and exercise jurisdiction in many other matters where the Surrogate's Court also has jurisdiction. The Legislature cannot by statute deprive it of one particle of its jurisdiction, derived from the Constitution (Art. 6), although it may grant concurrent jurisdiction to some other court, as it has done to the Surrogate's Court."

In New York, therefore, while there may be a question of whether the Supreme Court should take a case such as this in the exercise of its discretion, there is never a question of whether it has the jurisdiction if it wants to proceed.[2]

The Supreme Court of the United States has repeatedly held that although the federal courts have no jurisdiction to probate a will, nevertheless under their powers as courts of equity, they have jurisdiction to entertain suits, " 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, 1946, 326 U.S. 490, 494–495, 66 S.Ct. 296, 298, 90 L.Ed. 256; Waterman v. Canal-Louisiana Bank & Trust Co., 1909, 215 U.S. 33, 43 et seq., 30 S.Ct. 10, 54 L.Ed. 80; Gaines v. Fuentes, 1875, 92 U.S. 10, 21–22, 23 L.Ed. 524. In the Mark-

ham case, the Court pointed out that the federal court could frame its decree so as to adjudicate the rights *inter partes* subject to the proper administration of the estate in the state court of probate.

■■ The second ground for dismissal urged by defendants is the failure to join an indispensable party it being contended that even if the various documents here are held invalid, then the property merely reverts to Mrs. Houley's estate. The defendants urge, therefore, that either an administrator or executor of the estate is a necessary party to this action, and as none has been appointed, the complaint should be dismissed.[3] This point has been set at rest in New York. Prouty v. Nichols, Sup., 123 N.Y.S. 2d 789, affirmed 1953, 282 App.Div. 962, 126 N.Y.S.2d 199; Karp v. Roth, Sup. 1948, 84 N.Y.S.2d 87; Irving v. Bruen, 110 App.Div. 558, 97 N.Y.S. 180, affirmed 1906, 186 N.Y. 605, 79 N.E. 1107. In the Karp case, the plaintiffs sought to set aside certain inter vivos deeds made by a decedent. The New York Supreme Court entertained the action despite the fact that the decedent had made a will, which had been offered for probate in the Surrogate's Court, under the terms of which these plaintiffs received but one dollar apiece. It was noted that plaintiffs would be decedent's intestate takers if that will were to be denied probate. The court stated that the plaintiffs had a right to bring this action and assume the risk that any victory in the Supreme Court might prove to be an empty one. In the instant case, plaintiffs and defendants together represent all the parties who would have any interest in the estate of Nellie T. Houley under any of her purported wills, if admitted to probate, or by intestacy if none of the wills are upheld. In this situation, under New York law, the administrator or executor is not indispensable.

2. This question of discretion not to proceed shall be considered *infra*.

3. Actually, defendants also raised the contention that the plaintiffs are not the real parties in interest, but since such a

defense may not be made by motion under Rule 12(b), and since the question of indispensable parties covers the same ground, I have not separately considered that objection here.

At present, the last-in-time of four wills executed by the said Nellie T. Houley has been offered for probate in the Surrogate's Court of Kings County, New York. I recognize that there may well be a question as to whether in its discretion, the federal court can and should refuse to pass upon those questions in this action which deal with the validity *inter partes* of certain clauses of the two wills of the said Nellie T. Houley which I mentioned earlier. However, as the issue is not properly before this court, I do not now consider this question. A further reason impelling me not to pass on such a question is that were there to be such a refusal, there would still be two valid causes of action remaining in this court dealing with the two inter vivos documents Mrs. Houley executed. Since the chief question involved under all the documents herein is the rightful ownership of a certain $300,-000 legacy which Mrs. Houley received a year before she died, and since all the issues are thus interwoven, I believe the trial judge will be in a better position to determine this question of discretion.

The propriety of considering the two inter vivos documents in this court is governed by the following: Insofar as the deed of trust is concerned, if this action had not been brought, the parties could wait until the probate proceedings were concluded; then the administrator or executor of the estate would be empowered under Section 205 of the Surrogate's Court Act to bring a special proceeding to set aside the deed of trust. This action could be brought in the Supreme Court, and indeed, some New York courts have expressed doubt as to whether questions involving an inter vivos deed should ever be brought in the Surrogate's Court even under Section 205. See 1 Warren's Heaton on Surrogate's Courts, Section 35, Par. 6 (6th Ed.).[4] Insofar as the contract to make a will in defendant Conley's favor is concerned, should a will contradictory to this agreement be admitted to probate, Conley would be entitled to bring his claim against the estate in the Supreme Court within three months of its rejection by the estate; alternatively, this question would be resolved in the accounting proceedings leading to final judicial settlement of the estate. Thus it is clear that insofar as these two inter vivos documents are concerned, a decision by the federal court in this case would neither interfere with the present probate proceedings nor duplicate its efforts.

The motion to dismiss the complaint is, therefore, denied. So ordered.

4. The fact that the Supreme Court might eventually have been asked to determine the validity of the inter vivos deeds in the Karp case might well have motivated that court's decision.