Joseph J. PASKOWSKI, Plaintiff,

v.

Rose PASKOWSKI, Defendant.

No. 72–C–1233.

United States District Court,
E. D. New York.

July 6, 1973.

Charles Marks, New York City, for plaintiff.

Eli Resnikoff and Allen C. Cohen, Brooklyn, N. Y., for defendant.

BARTELS, District Judge.

Joseph J. Paskowski moves this Court for partial summary judgment pursuant to Rule 56, F.R.Civ.P., 28 U.S.C. directing that a *lis pendens* filed by defendant Rose Paskowski, his aunt, in the Clerk's Office of Kings County be vacated. Defendant opposes the motion and requests "that the Court enjoin further prosecution of this action and order that the within proceeding be removed and transferred to the Surrogate's Court of the State of New York, County of Kings," which will be treated as a cross-motion to dismiss the complaint.

Joseph J. Paskowski is the son of Joseph A. Paskowski, who died intestate on December 12, 1970, leaving plaintiff as his sole distributee, who on March 15, 1972, was appointed administrator of the estate by the Surrogate's Court, Kings County. On June 27, 1972, defendant Rose Paskowski, sister of the decedent, filed a claim of $10,000 with plaintiff as administrator, and in support of the claim, a *lis pendens* with the Kings County Clerk against the home of the decedent, the main asset of the estate. Defendant's claim is predicated upon alleged services to and expenditures in behalf of her brother during his lifetime, in which she asserts an agreement made by her deceased brother to the effect that she and their mother could use an apartment in the encumbered property for the rest of their lives. On July 27, 1972, plaintiff rejected the claim.

On September 22, 1972, plaintiff filed the instant action in this Court, seeking judgment declaring defendant's claim to

be invalid and that plaintiff is the sole owner of the real property in question, an order setting aside the *lis pendens* and a judgment declaring that plaintiff is free to sell the property. Plaintiff claims that this Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.[1] Thereafter, on October 24, 1972, defendant filed a petition in the Surrogate's Court to compel plaintiff to account as administrator of the decedent's estate.

▆ Plaintiff argues that since his complaint in this Court was filed before defendant's petition for an accounting in the Surrogate's Court, this Court must accept jurisdiction for the enforcement of his claims for relief, citing Quinlan v. Empire Trust Co., 139 F.Supp. 168 (S.D.N.Y.1956), and Ingersoll v. Coram, 211 U.S. 335, 359, 29 S.Ct. 92, 53 L.Ed. 208 (1908). *Quinlan* is inapposite because there the action was to invalidate two *inter vivos* documents and certain clauses of two wills and no action involving similar issues was pending in the state court. The court refused to dismiss on the ground of lack of jurisdiction since, under those circumstances, it was possible to determine the respective rights of the parties without interfering with matters then pending before the Surrogate's Court and since there were two valid causes of action properly before the court which would not under any circumstances justify an abstention from the exercise of its jurisdiction. The principle invoked was set forth in Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946), where the court observed:

> "But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not inter-

fere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."

*Ingersoll* is likewise inapposite since no interference with the probate proceedings was involved by the foreclosure of an attorney's lien on certain shares of property of a decedent, the settlement of whose estate was then pending in the state probate court. There the court held that it had jurisdiction and not that it was compelled to take jurisdiction.

In the instant case, the priority of the applications to the Surrogate's Court cited by plaintiff is no criterion for the exercise of this Court's jurisdiction. The Surrogate already had jurisdiction of all the issues raised in plaintiff's complaint as the result of the petition of plaintiff himself and his appointment as administrator on March 15, 1972, and by his receipt and rejection of defendant's claim prior to the filing of the instant action. In addition, we note that the Surrogate's Court consented to vacate the *lis pendens* and permit plaintiff to sell the property, while setting aside $10,000 of the proceeds of the sale to secure defendant's unliquidated claim, pending final determination of its validity. It is hard to understand what more the plaintiff could expect or why he invokes the jurisdiction of this Court.

▆ We recognize that in a federal diversity action this Court has jurisdiction and might render a judgment affecting the rights of parties upon a substantially identical question that might be pending in the probate court. However, it should defer the exercise of such jurisdiction when its own proceeding would interfere with a proceeding pending before the Surrogate. See Beach v. Rome Trust Co., 269 F.2d 367 (2d Cir. 1959). We believe such deference and abstention is proper in this case for two reasons: first, because the issues are

---

1. While the claim of Rose Paskowski was only $10,000, the plaintiff asserts that it amounts to over $10,000 since it involves an interest in real property measured by the lives of the mother and sister. For the purpose of this motion, plaintiff's assertion will be treated as true.

already pending in the state court (see Mottolese v. Kaufman, 176 F.2d 301 (2d Cir. 1949); P. Beiersdorf & Co. v. Mc-Gohey, 187 F.2d 14 (2d Cir. 1951); Klein v. Walston & Co., 432 F.2d 936 (2d Cir. 1970) and secondly, because this particular proceeding does not involve an actual controversy before the Court but only an application for a declaratory judgment. Under such circumstances, it would not only strain the federal and state relationship but would also be vexatious and uneconomical to proceed in a declaratory judgment suit raising precisely the same issues as before the Surrogate's Court. Fay v. Fitzgerald, 478 F.2d 181 at 183 (2d Cir. 1973); see Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 126, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Brillhart v. Excess Ins. Co., 316 U.S. 491, 494–495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Surrogate's Court not only has jurisdiction over the rival claimants but has already offered the parties a prompt trial on all the issues. We have no hesitancy therefore in dismissing the complaint. So ordered.