William J. F. GEARHEARD and Margot G. Jacobs, Plaintiffs,

v.

Arthur Grant GEARHEARD, III, Defendant.

Civ. A. No. J75–259(R).

United States District Court, S. D. Mississippi, Jackson Division.

Jan. 23, 1976.

Frank T. Williams, Jackson, Miss., for plaintiffs.

Rufus Creekmore, Robert G. Nichols, Jr., Jackson, Miss., for defendant.

OPINION

DAN M. RUSSELL, Jr., Chief Judge.

Plaintiffs, William J. F. Gearheard and Margot B. Jacobs, residents of Loui-

siana, have brought this action against their brother, Arthur Grant Gearheard, III, a resident of Hinds County, Mississippi, seeking to set aside certain inter vivos gifts of shares of corporate stock, purportedly given to defendant by the mutual aunt of the parties, Gladys Gearheard Nall, prior to her death; have such assets declared a part of her estate, and restrain defendant from transferring or disposing of such shares of stock "until such time as the validity or not of said contested will (of the deceased Gladys Gearheard Nall) be finally determined." (Parentheses added).

Defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b), which provides that every defense to a claim for relief must be asserted in the responsive pleadings except that certain defenses, at the option of the pleader, may be made by motion. Among these defenses which may be presented by motion are lack of jurisdiction over the subject matter or persons and failure to state a claim upon which relief can be granted. Defendant, in his motion, specifies that the motion is grounded on lack of subject matter jurisdiction.

The motion has been argued by opposing counsel, briefs have been submitted, and the matter is ready for disposition.

The motion to dismiss and exhibits attached thereto reflect that Mrs. Gladys Gearheard Nall, a resident and property owner of Jackson, Mississippi, died on August 25, 1974. Her purported will, dated September 26, 1973 was filed for probate in common form in Cause No. 94,189 on the docket of the Chancery Court for the First Judicial District of Hinds County, Mississippi, on September 9, 1974, and on the same date a decree was rendered admitting the will to probate and granting letters testamentary to the defendant herein, named in said will as Executor to serve without bond and as the sole devisee of the deceased's estate. On March 14, 1975, plaintiffs herein filed in said chancery court proceeding a petition to set aside the will admitted to probate and to set aside "large gifts of stocks, bonds and securi-

ties," allegedly given by the deceased to the defendant herein, requesting defendant to account for the gifts inter vivos and restore them to the deceased's estate for the benefit of her heirs at law, the parties hereto being her heirs at law and next of kin. This suit was non-suited, and on June 6, 1975, plaintiffs filed a bill of complaint against defendant herein, both in his individual capacity and as Executor, being Cause No. 97,046 on the docket of the aforesaid chancery court. In their bill of complaint, plaintiffs again seek to set aside the probated will and to nullify gifts inter vivos consisting of stocks, bonds and securities, and cash, requesting that defendant hold said property as assets of the estate, and additionally requesting that he be required to make an accounting of all such securities and cash, and either make bond for such assets or deposit same in escrow in a trust institution. Following defendant's special demurrer to the bill of complaint, a decree was rendered in said cause sustaining the demurrer for multiplicity of actions, and permitting the plaintiffs to amend. In their amended complaint in said chancery Cause No. 97,046, the plaintiffs withdrew their allegations as to the invalidity of the gifts inter vivos, requesting that the cause continue on their attack on the validity of the will. In their original chancery court complaint, as well as in the amended complaint, plaintiffs offered for probate a copy of a copy of a holographic will, the original having allegedly been made by the deceased in or about the year 1950, and which, if probated, would substantially dispose of nearly half the estate, the remainder to pass by intestacy. Both Cause No. 94,189, the probate action, and Cause No. 97,046, the bill of complaint to set aside the probated will, were pending in the chancery court at the time of the hearing herein on defendant's motion to dismiss.

The briefs of opposing counsel are addressed to whether or not this Court has jurisdiction of the subject matter, movants taking the position that, although diversity of citizenship and the requisite

amount in controversy both exist, federal courts do not have jurisdiction to probate a will, to confirm or set aside the probate of a will, to appoint an executor or administrator, to undertake the general administration of a decedent's estate, or to interfere with its orderly administration, relying primarily on these principles as enunciated in *Markham v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256, and which principles have been adopted by the Fifth Circuit Court of Appeals in *Kausch v. First Wichita National Bank,* 470 F.2d 1068; *National Audubon Society v. Marshall,* 424 F.2d 717; and *Akin v. Louisiana National Bank,* 322 F.2d 749. Plaintiffs do not dispute these principles, but contend that they are not applicable to the case sub judice inasmuch as the instant action seeks only to void the gifts inter vivos, plaintiff being sued individually and not as Executor, and, ergo, the suit contemplates no interference with the probate proceedings, nor the orderly administration of the estate, but to the contrary seeks only to add assets to the estate in the event this suit is successful. Confirming plaintiffs' argument, since the action before this Court is not seeking to probate a will, to confirm or set aside the probate proceedings in the chancery court, or to interfere with its orderly administration, and the required diversity of citizenship and amount in controversy being obvious, this Court does have jurisdiction. To the extent of the argument presented by the motion and the briefs, the Court agrees with plaintiffs. Circuit Judge Roney in *Kausch v. First Wichita National Bank,* supra stated the rule thereby:

"Federal jurisdiction based on diversity of citizenship, under 28 U.S.C.A. # 1332, is subject to a well-known, judge-made exception that federal courts generally will not act in probate matters even though diversity of citizenship is present."

Further of defendant's argument, he urges that the complaint herein makes it clear: (1) that the entire right of plaintiffs to the relief prayed depends upon a future adjudication by the Chancery Court that the will is null and void, and (2) the effort to enjoin the defendant constitutes a direct interference with the orderly administration of said estate in the state court. In this assertion, defendant misconstrues plaintiffs' action. As stated above, plaintiffs sue defendant individually, not as the executor, and, in seeking to overturn the purported inter vivos gifts, seek merely to add assets to the estate, added relief being directed solely to the defendant individually. The Court concedes that in paragraph 13 of the complaint and in the prayer for relief that the words "until the question of the validity of said purported will of said decedent is finally determined by said Chancery Court, or on appeal", or words to that effect, are superfluous.

It goes without saying that, in a diversity case, this Court is obliged to follow the substantive law of Mississippi. Of far more concern to the Court than the issues posed by defendant's motion to dismiss on grounds of lack of subject matter jurisdiction, is whether or not, under the substantive law of Mississippi, plaintiffs have stated a cause of action upon which relief can be granted, normally a Rule 12(b)(6) motion. Inasmuch as defendant did not address this issue in his motion to dismiss for lack of subject matter jurisdiction, nor was it treated in the opposing briefs, the Court declines at the present time to consider the issue except to note that it must sooner or later decide whether a Mississippi Chancery Court is empowered to hear the cause of action as stated in the complaint before the Court. See "Jurisdiction of the Chancery Court, in General.", Section 9–5–81, Mississippi Code of 1972. Cf. *In Re Will of Moses,* Miss., 227 So.2d 829.

For the foregoing reasons, the Court finds that the motion to dismiss for lack of subject matter jurisdiction on the grounds claimed by defendant should be overruled.

An appropriate order may be presented.