**Leigh F. BUGBEE, Personal Representative In the Matter of the Estate of Constance S. Smith, Deceased, Plaintiff,**

v.

**Jerome T. DONAHUE, Lawrence A. Wolf, and Lucylle M. Wolf, Defendants.**

No. 79–C–581.

United States District Court,
E. D. Wisconsin.

Feb. 12, 1980.

Joseph F. Wreschnig, Milwaukee, Wis., for plaintiff.

Robert J. LaBelle, Oconomowoc, Wis., for defendant Donahue.

William F. Reilly, Waukesha, Wis., for defendants Wolf.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 28 U.S.C. § 1332 involving a piece of property claimed as an asset in an estate currently in probate in Waukesha County Circuit Court. The plaintiff Leigh F. Bugbee, the personal representative of the estate, is a New Jersey resident and the nephew of the decedent who was a Wisconsin resident. The defendants Jerome T. Donahue, Lawrence A. Wolf, and Lucylle M. Wolf are Wisconsin residents. The complaint alleges that the defendant Donahue fraudulently obtained a conveyance of Florida property from the decedent, who was then senile, at a price far below market value and on the same day conveyed the property to the defendants Wolf. Presently pending before the

court are the defendants' motions to dismiss the complaint for lack of diversity and lack of subject matter jurisdiction. For the following reasons, the motions will be denied.

■ Defendants argue that for purposes of determining diversity jurisdiction, the Court should look to the citizenship of the decedent and not of the personal representative. They cite in support of their position a line of cases from the Third and Fourth Circuits. *McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968), cert. denied 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969); *Groh v. Brooks*, 421 F.2d 589 (3d Cir. 1970); *Lester v. McFaddon*, 415 F.2d 1101 (4th Cir. 1969); *Miller v. Perry*, 456 F.2d 63 (4th Cir. 1972). The courts in those cases, however, were concerned with the applicability of 28 U.S.C. § 1359 and the collusive creation of jurisdiction through appointment of an out-of-state administrator for the sole purpose of creating diversity. In this case, in contrast, the plaintiff is the decedent's nephew, was named in her will as her personal representative, and inherits a substantial portion of her estate. There is no allegation of "manufactured" diversity. *Sadler v. New Hanover Memorial Hospital, Inc.*, 588 F.2d 914 (4th Cir. 1978); *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 828 n. 9, 89 S.Ct. 1487, 1490 n. 9, 23 L.Ed.2d 9 (1969). Furthermore, the Seventh Circuit has held "that personal representatives, such as executors, who under the law of the state are given control over litigation involving the estate, stand on their own citizenship in the federal courts * * *." *First National Bank of Chicago v. Mottola*, 302 F.Supp. 785, 791 (N.D.Ill.1969), aff'd 465 F.2d 343 (7th Cir. 1972) (adopting the decision of the district court). Unless and until that holding is overruled or modified, it remains the law in this circuit. Defendants also point out that the American Law Institute has recommended the adoption of a general rule attributing the citizenship of a decedent to the personal representative in order to avoid the problem of collusive appointments. A.L.I. Study of the Division of Jurisdiction between State and Federal Courts, Official Draft 1969, § 1301(b)(4). Until that proposal becomes law, it remains only a proposal. *Herrick v. Pioneer Gas Products Company*, 429 F.Supp. 80, 84 (W.D.Okl. 1977).

■ The defendants next argue that an indispensable party to this action is lacking, whose addition as a plaintiff would destroy diversity jurisdiction. Section 856.23, Wis. Stats., provides in part:

"A person including the executor named in the will is not entitled to receive letters if: * * * (4) a nonresident of this state who has not appointed a resident agent to accept service of process in all actions or proceedings with respect to the estate and filed the appointment with the court * * *. Nonresidency may be a sufficient cause for nonappointment or removal of a person in the court's discretion."

The plaintiff was appointed personal representative by the probate court on September 6, 1978. He named Ronald E. Jacquart, a citizen of Wisconsin, as his resident agent on August 31, 1978, and that appointment was filed with the court on September 6, 1978. The defendants argue that the Wisconsin Statute indicates an antipathy toward out-of-state personal representatives and an intention that where the appointment of an out-of-state representative is approved, his resident agent serve as a co-representative for purposes of defending or bringing actions involving the estate. The argument is without merit.

First, while the appointment of an out-of-state personal representative may be disfavored, it is not prohibited, *Will of Reimers*, 242 Wis. 233, 246, 7 N.W.2d 857 (1943), and the probate court in this case has confirmed the plaintiff's appointment. Second, the statute itself contains no indication that the resident agent is to serve as a co-representative or that his status is any different from that of other resident agents appointed to accept service of process, e. g., on an out-of-state corporation, who are thereafter not indispensable parties in a suit by or against such corporation. Finally, § 287.01, Wis.Stats., provides in part:

"If the cause of action survives under ch. 895, the executors or administrators may maintain an action thereon against the wrongdoer * * *."

Section 287.06, Wis.Stats., provides:

"(1) An executor or administrator may commence and prosecute an action and may prosecute any action commenced by his or her predecessor or decedent for the recovery of any claim or cause of action which survived and may have execution on any judgment. * * *"

Section 803.01, Wis.Stats., provides in part:

"(2) Representatives. A personal representative * * * may sue in the party's own name without joining the person for whose benefit the action is brought. * * *"

None of these statutes contains the slightest indication that the resident agent is intended by state law to be an indispensable party. The Court, therefore, declines to find him so, this action may proceed without the resident agent being named as a party plaintiff, Rule 19 of the Federal Rules of Civil Procedure, and diversity jurisdiction does exist.

■ The defendants next argue that the court lacks subject matter jurisdiction or, in the alternative, should abstain from exercising its jurisdiction because the action involves an asset in dispute in probate. A federal court does not, however, lack all probate jurisdiction. 13 Wright, Miller & Cooper, Federal Practice and Procedure, § 3610 (1975). As a general rule, if under state law a dispute may be resolved only in the probate court, a federal district court will not take jurisdiction, but if the dispute merely involves a claim inter partes and is enforceable in a state court of general jurisdiction, then a federal court sitting in diversity may take jurisdiction. *Lamberg v. Callahan*, 455 F.2d 1213 (2d Cir. 1972); *Bassler v. Arrowood*, 500 F.2d 138 (8th Cir. 1974), cert. denied 419 U.S. 1116, 95 S.Ct. 796, 42 L.Ed.2d 815, rehearing denied 420 U.S. 956, 95 S.Ct. 1343, 43 L.Ed.2d 434. So long as the federal court does not "(1) interfere with the local probate proceedings, or (2) assume general jurisdiction of the probate or control of property in a state court's custody," 13 Wright, Miller & Cooper, supra, at 679–680, it may entertain the action. *In Re Gray's Estate*, 66 F.2d 367 (7th Cir. 1933); *Rice v. Rice Foundation*, 610 F.2d 471 at 475–476 (7th Cir. 1979).

■ Unlike claims brought against the estate, which are heard by the probate court, see Ch. 859, Wis.Stats., Ch. 287.01, Wis.Stats., provides for the maintenance by an executor or administrator of separate actions on claims which survive under Ch. 895, Wis.Stats., "in every case where their decedent could [maintain the action] if living." Section 895.01(1), Wis.Stats., provides that "equitable actions to set aside conveyances of real estate" shall survive. See also § 859.33(1), Wis.Stats., providing that a personal representative need not assert a counterclaim in probate court but may instead assert the counterclaim in a separate action brought outside the probate court proceedings. The real estate involved in this case, although listed as an asset in the decedent's estate, is in fact an asset only if the plaintiff is successful in his claim against the defendants. Thus, this Court in allowing the action to continue will not be assuming control of property in a state court's custody, nor will it be assuming general jurisdiction of the probate of the decedent's estate.

■ As for defendants' claim that the court should abstain, the abstention doctrine is inapplicable where, although a state court would have jurisdiction over the claim, the federal district court has subject matter jurisdiction and where its exercise of that jurisdiction will not be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813–814, 96 S.Ct. 1236, 1244–1245, 47 L.Ed.2d 483 (1976). "Discretionary" abstention in probate related matters is permissible but should be limited to cases which raise issues " 'in which the states have an especially strong interest and a well-developed competence for dealing with them.' " *Rice v. Rice Foundation*, supra at 477, citing *Phillips, Nizer, Benjamin, Krim*

*& Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973). This action is merely one to set aside an allegedly fraudulently induced conveyance of real estate; it involves no policy as to which the state has an especially strong concern, and no peculiar issues as to which the state probate court would have a special competence.

For the foregoing reasons,

IT IS ORDERED that the motion of the defendant Jerome T. Donahue to dismiss this action is denied.

IT IS FURTHER ORDERED that the motion of the defendants Lawrence A. Wolf and Lucylle M. Wolf to dismiss this action is denied.