**MICHIGAN TECH FUND, a non-profit Michigan Corporation, Plaintiff-Appellant,**

v.

**CENTURY NATIONAL BANK OF BROWARD, et al., Defendants-Appellees.**

No. 81–5567.

United States Court of Appeals, Eleventh Circuit.

July 16, 1982.

---

Harry G. Carratt, E. Steven Lauer, Fort Lauderdale, Fla., for plaintiff-appellant.

John R. Hargrove, Fort Lauderdale, Fla., for defendant-appellee.

Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, Fla., William H. Lefkowitz, Miami, Fla., for Johnson.

Before INGRAHAM *, HATCHETT and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

In this diversity case, appellant Michigan Tech Fund ("Fund") sued appellees (1) Century National Bank of Broward ("Century"), as the Personal Representative of the Estate of Oliver Walter Johnson, deceased, and as the Trustee under the trusts created by the Last Will and Testament of Oliver Walter Johnson, and (2) Margaret M. Johnson, Mr. Johnson's widow. The Fund seeks (1) an interpretation of the will in its favor, (2) a declaratory judgment that Mr. Johnson breached his alleged agreement to execute a will benefitting the fund, (3) refor-

* Honorable Joe Ingraham, U. S. Circuit Judge for the Fifth Circuit, sitting by designation.

mation of a mortgage held by Mr. and Mrs. Johnson as tenants by the entireties, and (4) a declaratory judgment that Mrs. Johnson breached her third party beneficiary contract to execute a will benefitting the Fund. The Fund also seeks to establish various constructive trusts in its favor, in order to protect its interests in the property at issue. The district court dismissed the complaint, in deference to the probate proceedings now pending in Florida state court. We reverse and remand.

## I. FACTS

Mr. Johnson died on February 10, 1979, leaving a Last Will and Testament dated February 16, 1977. On February 23, 1979, the will was admitted to probate in the Probate Division of the Circuit Court of Broward County, Florida. This proceeding is still pending.[1]

The named beneficiaries in the will are: (1) the Fund, (2) Mrs. Johnson, and (3) Mr. and Mrs. Johnson's daughter, Jennifer Rosanna Belt, who is not a party to this litigation, and (4) Belt's children. The Fund brought this action evidently upon learning of certain events that occurred before and after Mr. Johnson's death. The request for an interpretation of the will arises from Century's advice to the Fund, after Mr. Johnson's death, that under Century's interpretation of the will, the Fund will receive none of Mr. Johnson's probated estate after the payment of taxes. The disputed interpretation centers on the question of whether Mrs. Johnson's share of the estate under the will is reduced by the value of certain property (the contested mortgage) passing to her outside the will as a tenant by the entirety with Mr. Johnson. Joined with this request for will interpretation is an apparently alternative claim for the reformation of a "purchase money mortgage," given to Mr. and Mrs. Johnson, as tenants by the entireties, in at least partial consideration for the sale of certain real estate. The Fund argues that Mr. Johnson intended

that this mortgage be placed in his individual name, such that the mortgage would be part of his probated estate, apparently enabling the Fund to share in the distribution of the estate's assets. If the Fund loses on the will interpretation and mortgage reformation claims, the Fund argues as a third alternative that Mr. Johnson breached his agreement to execute a will benefitting the Fund. This claim arises out of Mr. Johnson's alleged promise to make a "substantial testamentary bequest" to the Fund in consideration for Mr. Johnson's membership in the Fund's President's Club. Finally, the Fund, as a third party beneficiary, claims that Mrs. Johnson breached her agreement with Mr. Johnson to execute a will benefitting the Fund. The district court dismissed the complaint because the state probate proceeding was filed before the instant federal action, because the state court "is empowered to grant" the requested relief, because the federal action would "interfere" with the probate proceeding, and because consideration of the Fund's claims would result in piecemeal litigation, in light of the pending probate proceedings.

## II. ISSUES

This case presents two issues: (1) whether the Fund's claims fall within the probate exception to federal diversity jurisdiction, and (2) if the district court had jurisdiction to consider the claims, whether the district court abused its discretion in dismissing them.

## III. JURISDICTION

Appellees argue that the Fund's claims all fall within the "probate exception" to federal diversity jurisdiction. Thus, they argue, the district court was without subject-matter jurisdiction to consider these claims. After careful review, we conclude that each of the Fund's claims is within the subject-matter jurisdiction of the district court, at least with respect to declaratory

---

1. The Fund informs us that on November 5, 1981, (1) the state court denied Mrs. Johnson's petition to require the filing of a final accounting and the filing of a petition for a discharge and payment of devise, and (2) the state court granted Century an extension of time to file a final accounting until 30 days after final resolution of the instant federal litigation.

relief. We remand to the district court for further consideration the question of whether the Fund is entitled to the establishment of the constructive trusts.

## A. *Declaratory Relief*

 Despite the requisite diversity of parties and amount in controversy, federal courts generally do not have diversity jurisdiction over matters affecting state probate proceedings, other than to establish claims and to determine the rights of those asserting an interest in the estate. *Moore v. Lindsey*, 662 F.2d 354, 360–61 (5th Cir. 1981).[2] As the Supreme Court has held,

> [F]ederal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

*Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946) (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80 (1909)), *quoted in Akin v. Louisiana National Bank of Baton Rouge*, 322 F.2d 749, 752 (5th Cir. 1963). This general rule is referred to as the "probate exception" to diversity jurisdiction. Here, the Fund does not challenge the validity of the will, such as by arguing that the will was not properly executed, or that Mr. Johnson lacked testamentary capacity when executing the will. A challenge to the validity of a will is not within the jurisdiction of the federal courts under the probate exception. *E.g., Kausch v. First Wichita National Bank of Wichita Falls, Texas*, 470 F.2d 1068, 1070 (5th Cir. 1972); *O'Donnell v. Dunspaugh-*

*Dalton Foundation, Inc.*, 391 F.2d 226, 227 (5th Cir. 1968); *Mitchell v. Nixon*, 200 F.2d 50, 52 (5th Cir. 1952); *Strickland v. Peters*, 120 F.2d 53, 55 (5th Cir. 1941).[3] Instead, the Fund seeks an interpretation of the will, reformation of the mortgage, and adjudication of its claims (1) that Mr. Johnson breached his agreement to make a will, and (2) that Mrs. Johnson breached her agreement to make a will. As to each of these claims, the Fund stands in the position of either a creditor or legatee seeking to establish a claim against the estate. Further, a declaratory judgment as to each claim would not unduly interfere with the state probate proceeding, and would not result in the assumption of general probate jurisdiction or of control over the property in the custody of the state court. Thus, we conclude that none of these claims is precluded by the probate exception to diversity jurisdiction.

The *Waterman* case itself supports the conclusion that will interpretation is not barred by the probate exception. In *Waterman*, the plaintiff sought relief based in part upon interpretation of the will. First, the plaintiff, who was the decedent's sole surviving niece, sought a declaration that she alone, and not in conjunction with two surviving nephews, was entitled to the residue of the estate, after payment of the special legacies, bequests, costs, and expenses. 215 U.S. at 40, 30 S.Ct. at 11. The basis of this claim was her interpretation of the will, which was that by receiving their specific bequests, the two surviving nephews had renounced any claim to the residue of the estate "because of certain provisions of the will . . . ." *Id.* Second, the plaintiff sought to increase the residue of the estate, and thus her share of it, by obtaining a declaration that a certain charitable institution could not share in the residue. The

---

**2.** Although *Moore* is a post-September 30, 1981, decision of a Unit B panel of the former Fifth Circuit, this court "regard[s] the decision as binding precedent . . . ." *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 at 34 (11th Cir. 1982).

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209. We note that the new Fifth Circuit has adhered to the former Fifth Circuit's position, discussed in the text, that the federal courts do not have jurisdiction over a challenge to the validity of a will. *Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir. 1981).

decedent had made several special bequests to various charitable organizations, including the "Christian Woman's Exchange," and had provided that the residue of the estate should be divided among the beneficiaries of the "charitable bequests" made to the various institutions, in proportion to the amount of special legacies made to them. *Id.* The plaintiff argued that the bequest to the Christian Woman's Exchange was not a "charitable bequest" within the meaning of the will, and sought a declaration that the Christian Woman's Exchange was not a "charitable institution" or entitled as such "under [the] will" to share in the residue of the estate. *Id.* at 41–42, 30 S.Ct. at 11. Thus, with respect to the claims (1) that the nephews had renounced any right to share in the residue of the estate, and (2) that the Christian Woman's Exchange was not entitled to share in the residue of the estate, it is clear that an interpretation of the will was required. Even so, the Supreme Court held that the district court had jurisdiction to determine "the interest of the persons before the court in the fund." *Id.* at 50, 30 S.Ct. at 15.

In light of *Waterman*, we hold that will interpretation is within the diversity jurisdiction of the federal courts, and not within the probate exception. Accordingly, we hold that the Fund's request in this case for a declaratory judgment construing various provisions of the will is within the jurisdiction of the district court. *See Byers v. Byers*, 254 F.2d 205, 208 (5th Cir. 1958) (suit for construction of written terms of will that did not attack validity of will was within federal jurisdiction and was not a "proscribed probate proceeding"); *Mitchell v. Nixon*, 200 F.2d 50, 51 (5th Cir. 1952)

(distinguishing attack on validity of will itself, which was held not to be within federal jurisdiction, from "dispute between parties, who, having accepted its [the will's] existence, differ as to its construction or interpretation," implying that will interpretation is within federal jurisdiction); 13 Wright & Miller, *Federal Practice and Procedure* § 3610 at n.29 (1975) (federal courts have employed their equitable jurisdiction in actions requesting construction of wills).[4]

■ The Fund's alternative claim that Mr. Johnson breached his agreement to make a will is also within the jurisdiction of the district court. As to this claim, the Fund stands in the position of a creditor suing to establish damages for the decedent's alleged breach of contract. The probate exception does not foreclose a creditor from obtaining a federal judgment that the creditor has a valid claim against the estate for a certain amount. *Turton v. Turton*, 644 F.2d 344, 347 (5th Cir. 1981); *see Moore v. Lindsey*, 662 F.2d 354, 361 (5th Cir. 1981) (district court had diversity jurisdiction to issue declaratory judgment concerning whether estate liable for indebtedness).

The Fund's third claim for reformation of the mortgage is also within the jurisdiction of the federal court. We cannot see how the district court's consideration of this claim will at all interfere with the state probate court's control of the property of the estate. At this stage, the mortgage is not part of the estate's assets. Because the face of the mortgage reveals that Mr. and Mrs. Johnson held it as tenants by the entireties, upon Mr. Johnson's death Mrs. Johnson took the mortgage free and clear of any need for it to pass through the probate

---

4. The case of *Kausch v. First Wichita National Bank of Wichita Falls, Texas,* 470 F.2d 1068 (5th Cir. 1972), is not to the contrary. In *Kausch,* the request for will interpretation was an alternative ground for relief. The major claim was clearly the plaintiff's challenge to the validity of the will, an issue exclusively within the jurisdiction of the state probate courts. This issue had not yet been resolved. If the validity of the will was resolved in favor of the plaintiff, *i.e.,* with a state court ruling that the will was invalid, the request for will interpretation would have become moot, and thus in retrospect it would indeed have been "fruitless" and "untimely" for the district court to consider it. *Id.* at 1071. Moreover, although the district court dismissed the entire complaint for lack of jurisdiction, the former Fifth Circuit noted that the dismissal was without prejudice, "which left the parties free to litigate the meaning of the will after the issues as to validity have been concluded," suggesting that a later federal suit for will interpretation alone would have been within federal jurisdiction. *Id.* Here no one has challenged the validity of the will.

court. Thus, the Fund must succeed in achieving reformation before the mortgage will become part of the estate currently under control of the state probate court. The district court's consideration of the mortgage reformation claim will not disturb any property currently under control of the state probate court. *See Bugbee v. Donahue*, 483 F.Supp. 1328, 1331 (E.D.Wis. 1980) (probate exception not applicable to suit by decedent's personal representative alleging fraudulent conveyance of property by decedent to defendant during decedent's lifetime because although property listed as asset in decedent's estate, it is in fact an asset only if plaintiff succeeds in showing fraudulent conveyance, and thus no assumption of control of property in state court custody and no assumption of probate jurisdiction); *Gearheard v. Gearheard*, 406 F.Supp. 704, 706 (S.D.Miss.1976) (probate exception not applicable to suit to set aside inter vivos gifts and thus effectively to add assets to estate under probate).

The Fund's final claim that Mrs. Johnson breached her agreement to make a will is also within the jurisdiction of the district court. Consideration of this claim also will not interfere with property under the state probate court's control. This claim relates only to the property of Mrs. Johnson and not to any property of the estate of Mr. Johnson.

Accordingly, we hold that all four claims asserted by the Fund are within the jurisdiction of the federal court, with respect to declaratory judgment relief.[5]

### B. *Constructive Trusts*

In addition to declaratory relief, the Fund requests the establishment of various "constructive trusts" in its favor, in order to assure that the Fund will obtain the appropriate benefits from the property in question. However, neither the district court nor the parties have adequately addressed the question of whether such relief, in contrast to declaratory relief, is precluded by the probate exception. Indeed, the Fund has not made clear precisely what it seeks in the manner of a constructive trust. Rather than decide this poorly articulated issue ourselves, particularly when it is unclear whether the Fund will succeed on the merits of its claims, we remand the constructive trust issue to the district court for further consideration, with a few guiding principles.

■ If the Fund seeks either (1) a valuation of estate assets or (2) an actual transfer of property under probate, it is clear that such relief is precluded by the probate exception. *Turton v. Turton*, 644 F.2d 344, 374 (5th Cir. 1981). The *Turton* decision is one of the clearest articulations of the types of relief permitted and prohibited by the probate exception, with respect to estate assets under the control of the state probate court. As the *Turton* court observed, the federal courts are "limited to declaring the validity of the asserted claims . . . ." *Id.* The federal judgment will be binding on the parties, and thus *res judicata* in the probate court, with respect to the claims considered in the federal court. *Id.* As the Supreme Court has observed,

> It is to be presumed that the probate court will respect any adjudication which might be made in settling the rights of parties in this suit in the Federal court. It has been frequently held in this court that a judgment of a Federal court awarding property or rights, when set up in a state court, if its effect is denied, presents a claim of Federal right which may be protected in this court.

*Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 46, 30 S.Ct. 10, 13, 54 L.Ed. 80 (1909), *quoted in Akin v. Louisiana National Bank of Baton Rouge*, 322 F.2d

---

5. In documents filed in the district court, the appellees have argued that each of the claims urged by the Fund either fails on the merits, or is barred by certain limitations periods. We emphasize that we do not express any views either on the merits or on the viability of the Fund's various claims. We merely hold that the district court has jurisdiction to consider the claims, and that the district court should not have dismissed them as a matter of discretion. On remand, the appellees will have the opportunity to reassert their arguments against the claims based on the statute of limitations and on the merits.

749, 758 (5th Cir. 1963) (federal judgment rendered against executor of estate in favor of adopted child seeking legal share of estate would require the executor to recognize adopted child's rights in distribution of estate). Our concern is that the district court not render a judgment in favor of the Fund that "deprive[s] competing claimants of their just due" by granting "premature distribution or valuation of estate assets." *Turton v. Turton*, 644 F.2d at 347.

## III. DISMISSAL

Having concluded that federal jurisdiction extends to the claims in this case, at least with respect to declaratory relief, we now address appellees' contention that the district court was within its discretion in dismissing this case. We conclude that even though some of the claims may be limited only to declaratory relief, the district court should not have dismissed this case. We shall address in turn each of the grounds relied upon by the district court.

The district court has discretion to decline to entertain a diversity action seeking a declaratory judgment and raising issues of state law "when those same issues are being presented contemporaneously to state courts" and thus will necessarily be resolved by the state courts. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968) (citing *Brillhart v. Excess Insurance Co. of North America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)); *see Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (district court may decline to entertain declaratory judgment action on merits when pending proceeding in another court will fully resolve controversy between the parties) (citations omitted). The problem with the district court's dismissal here

is that the district court observed only that the state court "is empowered" to grant the relief requested. Yet, this is true in every diversity case, because the parties in such cases necessarily raise claims cognizable in state courts. The district court failed to observe that the issues in this case are not currently before the state courts. No party has brought to our attention any litigation at all that may be occurring in the state probate court, aside from the routine probate of the will and administration of the estate. No one is contesting the validity of the will. No one is requesting state court interpretation of the will or state court adjudication of the breach of contract claims or the mortgage reformation claim. In short, neither the Fund, nor Century, as personal representative of the estate, nor any other person has filed any action in the state court for a judicial determination of any of the claims involved in this case. Thus, there is no pending state proceeding in which the issues in this case will necessarily be resolved.[6]

In addition, we cannot agree that the district court's consideration of the claims involved in this case will unduly "interfere" with the state probate proceedings or will result in improper piecemeal litigation. The probate exception itself consists in part of an inquiry into whether federal consideration of the asserted claims will interfere with the state probate proceedings. *Markham v. Allen*, 326 U.S. at 494, 66 S.Ct. at 298. Under the case law discussed above, each of the claims in this case is not within the probate exception. Thus, they cannot be said to unduly interfere with the state probate proceedings. Further, the probate exception tolerates some "piecemeal" litigation. For example, the exception permits "creditors, legatees and heirs" to obtain a federal declaratory judgment of the validity of their claims, binding the parties,

---

**6.** This case is different from *Paskowski v. Paskowski*, 361 F.Supp. 981 (E.D.N.Y.1972), in which the administrator of an intestate estate requested a declaratory judgment of the invalidity of a claim by the decedent's sister that the decedent had agreed that his sister and mother could use an apartment on his property for the rest of their life, in exchange for certain serv-

ices and expenditures during his lifetime. *Id.* at 981–82. The district court in *Paskowski* dismissed the case, in part on the ground that the sister had already filed her claim in state court before the federal action began. *Id.* at 982–83. No such pending state consideration of issues is present here.

which they can assert as *res judicata* in the state probate court. *Turton v. Turton*, 644 F.2d at 347. Thus, the district court's consideration of the Fund's claims will not unduly interfere with the state probate proceedings, nor result in undue piecemeal litigation.

In addition to an absence of reasons to dismiss this case, there exists a positive reason for the district court to consider at least the claim that Mr. Johnson breached his agreement to execute a will benefitting the Fund. As the Fund points out, this claim may very will involve issues of Michigan contract law. We emphasize that we do not in any way question the competence of the Florida courts to ascertain and to apply Michigan law. However, in another case, reversing the district court's dismissal of an adopted child's declaratory judgment action to establish her "forced share" of the decedent's estate (i.e., a share required by law, regardless of the provisions of the will), the former Fifth Circuit mentioned the involvement of more than one state's law as a positive reason for the exercise of federal diversity jurisdiction. *Akin v. Louisiana National Bank of Baton Rouge*, 322 F.2d 749, 758–59 (5th Cir. 1963).

Accordingly, we hold that the district court abused its discretion in dismissing this case.

For the reasons discussed above, the district court's judgment in favor of appellees is

REVERSED AND REMANDED.