[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10255

Non-Argument Calendar

_____

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC,
A Tennessee professional services corporation,

Plaintiff-Appellant,

*versus*

L. FRANK CHOPIN,
Individually and as guardian of Kathleen DuRoss Ford,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81502-AMC

————————————

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Baker, Donelson, Bearman, Caldwell & Berkowitz ("Baker Donelson") appeals the dismissal of its declaratory judgment action to establish that it is entitled to recover $140,733.94 from the Estate of Kathleen DuRoss Ford. Baker Donelson argues that the district court erred when it dismissed the action for lack of jurisdiction under the probate exception to diversity jurisdiction.

Baker Donelson was retained by Kathleen DuRoss Ford's daughter, Deborah DuRoss Guibord, to bring a state guardianship proceeding that sought to find her mother incapacitated and institute a guardianship. The guardianship court ultimately found Mrs. Ford incapacitated but appointed L. Frank Chopin as guardian, which Ms. Guibord opposed and she appealed the appointment. Ms. Guibord filed a request with the guardianship court for a formal determination of entitlement to fees and costs for her counsel. The court stayed consideration of the request until the conclusion of the pending appeal. Baker Donelson then filed a statement of claim in the pending probate proceedings. Mr. Chopin filed an

objection, asserting that Baker Donelson must bring an independent action in order to preserve the claim. In response, Baker Donelson brought this action, which the district court dismissed for lack of subject matter jurisdiction upon Mr. Chopin's motion. The district court concluded that the matter was subject to the probate exception to diversity jurisdiction.

We review dismissal of a complaint by the district court for lack of subject matter jurisdiction de novo. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).

District courts typically have jurisdiction to hear civil actions that satisfy both diversity and amount-in-controversy requirements set forth in 28 U.S.C. § 1332. The probate exception to jurisdiction is court created and limited in scope. It applies to cases where the resolution would require a federal court to (1) probate or annul a will, (2) administer an estate, or (3) "dispose of property that is in the custody of a state probate court." *Stuart v. Hatcher*, 757 F. App'x 807, 809 (11th Cir. 2018) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S. Ct. 1735 (2006)). Federal courts retain jurisdiction to "entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate." *Marshall*, 547 U.S. at 296 (quoting *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296 (1946)). We construe the exception narrowly. *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 673 (11th Cir. 1991), *abrogated on other grounds by Saxton v. ACF Indus., Inc.*, 254 F.3d 959 (11th Cir. 2001)

We have permitted a suit against an estate that sought an interpretation of a will in the plaintiff's favor, a declaratory judgment that the decedent breached an agreement to execute a will benefiting the plaintiff, the reformation of a mortgage held by the decedent and his wife, and a declaratory judgment that the wife breached her third-party beneficiary contract to execute the will to benefit the plaintiff. *Michigan Tech Fund v. Century Nat'l Bank*, 680 F.2d 736 (11th Cir. 1982). We reasoned that in each of the claims, the plaintiff "stands in the position of either a creditor or legatee seeking to establish a claim against the estate." *Id.* at 739. We stated that had the plaintiff sought a valuation of estate assets or actual transfer of property, the exception would apply. *Id.* at 741. But because federal courts are "limited to declaring the validity of the asserted claims," the exception did not apply. *Id.* (quoting *Turton v. Turton*, 644 F.2d 344, 374 (5th Cir. 1981)). We quoted the Supreme Court: "It is to be presumed that the probate court will respect any adjudication which might be made in settling the rights of parties in this suit in the Federal court." *Id.* (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.,* 215 U.S. 33, 46, 30 S. Ct. 10 (1909)).

We conclude that the instant case falls within the probate exception. We conclude that determination of Baker Donelson's claim for attorney's fees is part of the guardianship administration process, and therefore falls within the second category of cases which the case law indicates is subject to the probate exception— i.e. cases in which the federal court is called upon "to administer an

estate." Florida Statute section 744.108(8) expressly provides "When court proceedings are instituted to review or determine a guardian's or an attorney's fees under subsection (2), such proceedings are part of the guardianship administration process." Moreover, sections 744.108(1) and (2) clearly contemplate that the court which should determine entitlement to attorney's fees and the amount thereof is the court which appointed the guardian—that is Probate Judge Suskauer in this case. This only makes common sense. As the district court observed in the hearing below:

> But for me to even know what amount is appropriate, I would essentially be doing the work of the probate court or the guardianship court in surveying all of the work that was done over the lengthy trial, et cetera.

Doc. 19 at 19-20. Moreover, the Florida law contemplates that entitlement to attorney's fees and the amount thereof should take into account the benefit to the ward provided by the services. *Zepeda v. Klein*, 698 So.2d 329, 330 (Fla. 4th DCA 1997). The guardianship court actually administering the estate is clearly the most appropriate court to evaluate the benefit to the ward resulting from the attorney's services—i.e. to continue to handle this part of the administration of the estate.

Because the Florida statutory scheme clearly contemplates that routine attorney's fee applications are to be reviewed by the guardianship court, and expressly provides that such review proceedings "are part of the guardianship administration process,"

6                    Opinion of the Court                    22-10255

section 744.108(8), we readily conclude that this case is subject to the probate exception to diversity jurisdiction.

Accordingly, the judgment of the district court is

AFFIRMED.

.