## SOUTHERN HARLAN COAL CO. v. ALABAMA FUEL & IRON CO.

### No. 234.

District Court, E. D. Kentucky.

Jan. 20, 1945.

H. C. Gillis and Robert L. Smith, both of Williamsburg, Ky., for plaintiff.

H. L. Bryant, of Pineville, Ky., for defendant.

FORD, District Judge.

Seeking a declaratory judgment under the Declaratory Judgment Law of Kentucky as to the rights of the parties under certain subsisting contracts relative to the mining, removing and shipping of coal by plaintiff from lands of defendant, about which the plaintiff alleges that an actual controversy now exists between it and the defendant in respect to the proper construction and effect of the language thereof, the plaintiff filed this action in the Circuit Court of Harlan County, Kentucky, from which, by proper procedure, it has been removed to this Court. The case is now submitted upon the plaintiff's motion to remand.

It is not contended by the plaintiff that this is not a suit of a civil nature between citizens of different states, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of Three Thousand Dollars (Judicial Code §§ 24 and 28, 28 U.S.C.A. §§ 41 and 71), nor that the case is lacking in any of the elements necessary to constitute a justiciable controversy in the constitutional sense as defined by the Supreme Court in Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191 and Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

Relying upon Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L. Ed. 541, and Willing v. Chicago Auditorium Association, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880, plaintiff states its contentions thus:

(1) "This action was brought in the state court under the state Declaratory Judgment Act, Sections 639a(1)–(12), which the federal court has no jurisdiction to enforce.

(2) The fact that after the foregoing decisions were rendered, Congress enacted the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, does not change the situation. That Act does not authorize federal courts to administer state Declaratory Judgment laws. Relief under the federal Act must be sought alone within the jurisdiction of the federal courts."

The plaintiff's contentions seem clearly untenable and authoritative support for them is lacking. Nashville, C. & St. L. Ry. v. Wallace, supra. In commenting upon the cases relied upon by plaintiff, 288 U.S. 249 at page 262, 53 S.Ct. 345, 348, 77 L.Ed. 730, 87 A.L.R. 1191 of the Wallace case, supra, the Court thus indicated the distinction which makes them as inapplicable here as they were in that case:

"Obviously the appellant, * * * is not attempting to secure * * * a decision advising what the law would be on an uncertain or hypothetical state of facts, as was thought to be the case in Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541, and Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880. * * *"

While it is true that section 28 of the Judicial Code, 28 U.S.C.A. § 71, limits removal to cases within the original jurisdiction of the District Court under section 24 of the Judicial Code, 28 U.S.C.A. § 41, in Road District v. St. L. S. W. Ry. Co., 257 U.S. 547, at page 561, 42 S.Ct. 250, at page 255, 66 L.Ed. 364, the Supreme Court said:

"This limitation is not intended to exclude from the right of removal defendants in cases in the state court which, because of their peculiar form would be awkward as an original suit in a federal court, or would require therein a reframing of the complaint and different procedure. Sheffield Furnace Co. v. Witherow, 149 U.S. 574, 579, 13 S.Ct. 936, 37 L.Ed. 853; Fleitas v. Richardson, No. 1, 147 U.S. 538, 544, 13 S.Ct. 429, 37 L.Ed. 272. The limitation is that only those proceedings can be removed which have the same essentials as original suits permissible in District Courts; that is that they can be readily assimilated to suits at common law or equity, and that there must be diverse citizenship of the parties and the requisite pecuniary amount involved. In re Stutsman County, C.C.N. D., 88 F. 337; Madisonville Traction Co. v. [St. Bernard] Mining Co., 196 U.S. 239, 246, 25 S.Ct. 251, 49 L.Ed. 462; Searl v. School District No. 2, 124 U.S. 197, 8 S. Ct. 460, 31 L.Ed. 415; Colorado Midland R. Co. v. Jones, C.C.Colo., 29 F. 193."

If the State procedure relative to declaratory judgments (Kentucky Civil Code of Practice, §§ 639a—1 to 639a—12 were different from the Federal procedure (28 U.S.C.A. § 400), though no material difference has been pointed out, the authorities above referred to seem to make it plain that such mere procedural differences would not deprive a defendant of the right to remove a case which, in its essential attributes, is within the provisions of the Federal Removal Statute. Were the rule otherwise, the right of removal under the Federal Statute could be completely destroyed by State legislation governing procedure in State Courts.

For the reasons indicated, the motion to remand must be denied.