Virginia L. **LOONEY** et vir, and Emma
L. Baker, Appellants,

v.

**CAPITAL NATIONAL BANK OF AUS-
TIN, TEXAS** et al., Appellees.

No. 15860.

United States Court of Appeals
Fifth Circuit.

June 30, 1956.

Jones, Circuit Judge, dissented.

Julian C. Clopton, Austin, Tex.,
Creekmore Wallace, Pryor, Okl., Thomas
A. Wallace, Tulsa, Okl., for appellants.

Coleman Gay, Austin, Tex., L. P. Lol-
lar, Asst. Atty. Gen., R. Dean Moor-
head, Austin, Tex., for appellees.

Looney, Clark & Moorhead, James R.
Meyers, Austin, Tex., for Capital Nat.
Bank in Austin, trustee, and other de-
fendants.

John Ben Shepperd, Marietta Mc-
Gregor Payne, Austin, Tex., for John
Ben Shepperd, Atty. Gen. of Texas.

Before RIVES, TUTTLE and JONES,
Circuit Judges.

RIVES, Circuit Judge.

The district court dismissed for want
of jurisdiction a complaint seeking a

declaratory judgment[1] to the effect that a testamentary trust of a residuary estate is void and unenforceable as violative of the rule against perpetuities and because the objects of the trust have failed, and are contrary to public policy. The grounds upon which the trust is attacked do not include lack of testamentary capacity, improper execution of the will, or illegal probate. Indeed, the complaint concedes that, except for the claimed illegal trust, the will is valid and effective. The district court did not reach the merits, that is, whether the testamentary trust is valid or invalid, and nothing that we may say should be construed as expressing any opinion on that question. The issue is solely one of federal jurisdiction.

It was stipulated that the testator died May 1, 1954, his will was duly probated on May 17th and letters testamentary issued to The Capital National Bank in Austin, which qualified as independent executor. As such, it "has determined and paid the debts of said estate, part of the specific bequests as outlined in the will and is now holding the rest and residue of said estate in its trust account." It was further stipulated that the plaintiffs, appellants, are sisters of the testator and his sole and only heirs at law. As such, they seek a decree directing the executor to pay to them the net residuary estate.

Federal jurisdiction is invoked on diversity of citizenship. The amount in controversy exceeds $3,000, indeed, the value of the residuary estate is in excess of two million dollars. There is also the requisite diversity of citizenship. It is claimed, however, that this is not a case within the judicial power of the United States, because it affects probate or other matters concerning the administration or settlement of a decedent's estate.

The many cases on that general subject are collected in an annotation in 158 A.L.R., pages 9 to 76, and its supplemental citations; see also 54 Am. Jur., U. S. Courts, § 36; 35 C.J.S., Federal Courts, § 12. The general principles are well understood, and a brief restatement of such, as are here applicable, should suffice.

Article III, § 2 of the Constitution provides that, "The judicial Power shall extend * * * to controversies * * * between citizens of different States". 28 U.S.C.A. § 1332 provides that,

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States".

■ Nevertheless, in general, federal jurisdiction does not extend to matters strictly probate or administrative in nature, because they are statutory, involve proceedings in rem, and do not belong to the general jurisdiction of a court of equity. Cases of that general nature do occasionally arise under circumstances making them ordinary suits in equity, and in such cases a state may not *restrict* the judicial power of the United States. On the other hand, a state may *enlarge* federal jurisdiction by the creation of a new remedy by civil action inter partes in its own courts of general jurisdiction.

■ The present case may be an ordinary suit in equity involving the validity of a trust, and the fact that the trust was created by a will rather than by an instrument inter vivos may be immaterial. We shall assume, however, that the case would be strictly probate or administrative in the absence of a remedy inter partes in the state

1. "§ 2201. *Creation of remedy*

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.A. § 2201.

courts of general jurisdiction. It is well settled that, where state courts of general jurisdiction are granted the power to determine inter partes the validity vel non of provisions of a will, a United States court in that state has jurisdiction to entertain such an action where the requisite diversity of citizenship and amount in controversy are present, and so long as it does not interfere with the administration of the estate in a state court. Simlar v. Wilson, 10 Cir., 210 F.2d 99; same case on last grant of certiorari, 350 U.S. 892, 76 S.Ct. 153; Sutton v. English, 246 U. S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664; Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256.

In Sutton v. English, supra, the plaintiffs sought to annul parts of the 12th paragraph of the will of Mary Jane Hubbard on the ground

> "that in her last sickness, while she was clouded in her intellect and was not of sound or disposing mind or memory, she was unduly influenced by the defendant English to execute an instrument in the form of a will purporting to dispose of her accumulations and separate property, by the 12th paragraph of which she gave and bequeathed all the residue of her prop-

erty to her niece Cora D. Spencer". 246 U.S. at pages 202, 203, 38 S.Ct. at page 255.

That was a matter strictly probate, the testamentary capacity of the testator. As has been said, no such ground is urged in the present case. At the time of the decision of Sutton v. English (1918), the Texas State courts of general jurisdiction had no power to annul any particular provision of a will in a suit inter partes. By the enactment of the Uniform Declaratory Judgment Act in 1943 by the Texas Legislature, such power was vested in the state courts of general jurisdiction.[2]

At one time the Supreme Court held that a federal court had no jurisdiction to proceed in accordance with a state declaratory judgment act, because no "case" or "controversy" was presented. Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541. Any such doubt as to constitutional limitations on federal judicial power have now been removed in cases such as this presenting for decision an actual controversy. Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249, 259, 53 S.Ct. 345, 77 L.Ed. 730; Public Service Commission v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291; South-

---

2. Vernon's Ann.Civ.St.Tex. art. 2524–1:
   "Section 1. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *
   "Sec. 2. Any person interested under a * * * will * * * may have determined any question of construction or validity arising under the instrument * * and obtain a declaration of rights, status, or other legal relations thereunder.
   * * * * *
   "Sec. 4. Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, * * * may have a declaration of rights or legal relations in respect thereto:
   "(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or

"(b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or
   "(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.
   "Sec. 5. The enumeration in Sections 2, 3, and 4 does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."
   For pertinent cases construing said statute, see, Rust v. Rust, Tex.Civ.App., 211 S.W.2d 262, affirmed 147 Tex. 181, 214 S.W.2d 462; Republic Nat. Bank of Dallas v. Fredericks, Tex.Civ.App., 274 S.W.2d 431. Cf., however, Harrold v. First Nat. Bank of Ft. Worth, D.C.N.D. Tex., 93 F.Supp. 882.

ern Harlan Coal Co. v. Ala. Fuel & Iron Co., D.C.E.D. Ky., 58 F.Supp. 600; Constitution of United States Revised and Annotated, 1952, Doc. 170, 82nd Congress, p. 551. The remedy being available in the Texas State courts, and the requisite diversity and jurisdictional amount being present, a like remedy may be asserted in the federal court under the Federal Declaratory Judgment Act, footnote (1) supra.

The judgment is, therefore, reversed and the cause remanded.

Reversed and remanded.

JONES, Circuit Judge (dissenting).

Believing that Sutton v. English, cited by the majority, is applicable here and that it has not been overruled by subsequent decision or superseded by legislation, I dissent.