Jeanette Thomas KAUSCH, Plaintiff-Appellant,

v.

The FIRST WICHITA NATIONAL BANK OF WICHITA FALLS, TEXAS, as Independent Executor of the Estate of Louise Thomas Cook, Deceased, etc., et al., Defendants-Appellees.

No. 72–1846

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 28, 1972.

Rehearing Denied Jan. 5, 1973.

Perry Wesbrooks, Wichita Falls, Tex., for plaintiff-appellant.

H. W. Fillmore, Elmer H. Parish, Wichita Falls, Tex., for First Wichita Nat. Bank.

Forrest Bowers, Lubbock, Tex., for Gumula & Children.

James H. Walker, Dallas, Tex., Clyde Fillmore, Wichita Falls, Tex., for Texas Scottish Rites Hosp.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409 Part I.

Sue Nixon Britt, Robert Kearns, Billie Joe Kearns, pro se.

Eva Lee Finlayson, Jr., Lubbock, Tex., Trustee for Craig Finlayson.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Appellant Jeanette Thomas Kausch, seeking to set aside a will previously admitted to probate in Texas, brought this diversity suit in federal District Court. The District Court dismissed her suit for lack of federal jurisdiction. We affirm.

■ Federal jurisdiction based on diversity of citizenship, under 28 U.S.C.A. § 1332, is subject to a well-known, judge-made exception that federal courts generally will not act in probate matters even though diversity of citizenship is present. But, "[t]he exception . . . is far from absolute, it turns, instead, on unclear distinctions of the utmost subtlety." Wright, The Law of Federal Courts 85 (1970). In this case we are asked to determine the applicability of the exception to a will contest involving the Texas probate system.

On October 1, 1971, Louise Thomas Cook died from injuries received in an automobile collision in Parker County, Texas. On October 18, 1971, the County Court of Wichita County, Texas, admitted her will to probate, and the First Wichita National Bank in Wichita Falls was appointed Independent Executor in accordance with the terms of the will. This administration is still pending. Plaintiff Kausch, Mrs. Cook's sole heir-at-law (a cousin) and an Ohio resident, then brought this declaratory judgment action in federal court. In Count One, she alleged that the will of Louis Thomas Cook should be set aside because, at the time of execution, Mrs. Cook was without either testamentary capacity or power to execute a valid will, she was being unduly influenced, she was acting under an insane delusion, and because the will makes one or more unnatural dispositions of property. In Count Two, Kausch sought a construction of the will concerning the proper distribution of the estate. The District Court dismissed the complaint on the authority of Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1918).

*Sutton* recounts a series of United States Supreme Court decisions which established the rule that proceedings to annul wills are not within the ordinary equity jurisdiction of the federal courts because the general jurisdiction of an equity court does not include the authority to set aside the probate of a will or to administer estates of decedents *in rem*. The Supreme Court reasoned that the authority to make wills is derived from the states and that the requirement of probate is but a regulation to make a will effective, so matters of strict probate are not within the jurisdiction of the United States courts. *Sutton* goes on to say, however, that if the state permits an independent action or suit *inter partes*, either at law or in equity, to annul a will or to set aside a probate, the same action may be brought in federal court where diversity of citizenship and the jurisdictional amount appear. 246 U.S. at 205, 38 S.Ct. 254. *See also* Wright, *supra*, at 85.

The Texas courts were involved in *Sutton*, as they are here, and the Supreme Court held that the federal courts had no jurisdiction because at that time no independent action could be brought in Texas courts of general equity jurisdiction to annul a will or to set aside a probate. *See* Ledbetter v. Taylor, 359 F.2d 760 (10th Cir. 1966).

■■ Kausch seeks to avoid the *Sutton* rule by arguing that Texas law has since been changed. She argues that the enactment of the Uniform Declaratory Judgments Act in Texas has made possible an independent challenge to the validity of a will in the Texas state courts. She contends that Article 2524–1 of the Act, and specifically Sec-

tion 2,[1] clearly empowers the Texas District Courts to determine the validity of Mrs. Cook's will. Section 2, however, limits the scope of inquiry as to validity to those questions "arising under the instrument." We interpret this phrase to mean only that the Texas District Courts may declare invalid particular provisions of a will that has been admitted to probate. After a valid instrument has been admitted to probate by the County Court, the Texas District Courts may annul specific provisions of the will, but they have no power to conduct an independent inquiry into the validity of the will as a testamentary instrument.

Plaintiff relies heavily upon our decision in Looney v. Capital National Bank of Austin, Texas, 235 F.2d 436 (5th Cir. 1956), where we held that Article 2524–1 vested power in the Texas District Courts to declare invalid a testamentary trust in the residuary provisions of a will because it violated the rule against perpetuities, the objects of the trust had failed, and its provisions were contrary to public policy. We carefully distinguished the *Looney* facts, however, from those in *Sutton*. Judge Rives explicitly stated that "[t]he grounds upon which the trust is attacked do not include lack of testamentary capacity, improper execution of the will, or illegal probate. Indeed, the complaint concedes that, except for the claimed illegal trust, the will is valid and effective." 235 F.2d at 437. Referring specifically to *Sutton* the opinion explained: "That [case] was a matter strictly probate, the testamentary capacity of the testator. As has been said, no such ground is urged in the present case." 235 F.2d at 438. Thus, although we acknowledged in *Looney* that the Declaratory Judgments Act enlarged the jurisdiction of the Texas District Courts with respect to wills, we held only that these Texas courts of general jurisdiction had been empowered to annul a particular provision of a will. We did not there hold that Article 2524–1 empowers the Texas District Courts to inquire independently into the validity of a will already admitted to probate. No Texas cases have been cited to us which hold otherwise.

Appellant refers us to Hilley v. Hilley, 305 S.W.2d 204 (Tex.Civ.App.1957), but that case was a suit to compel the administratrix of an estate to include in the inventory and appraisement certain property which had not been included in the probate court proceeding. Although the Texas court there took a broad view of the jurisdiction conferred by the Texas Declaratory Judgments Act, the case

---

1. The Uniform Declaratory Judgments Act states in pertinent part:

> Section 1. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

> . . .

> Section 2. Any person interested under a . . . will . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder.

> \* \* \* \* \*

> Section 4. Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or *cestui que trust*, in the administration of a trust, or of the estate of a decedent . . . may have a declaration of rights or legal relations in respect thereto:

> (a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or

> (b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

> (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

> Section 5. The enumeration in Sections 2, 3, and 4 does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory is sought, in which a judgment or decree will terminate the controversy, or remove an uncertainty.

> Vernon's Ann.Civ.St.Tex. art. 2524–1 (1965).

did not involve an attack on the will. Considering the difference in the theory of that case and the theory of the one at bar, we reject appellant's contention that "jurisdiction for one purpose is jurisdiction for all purposes."

■ The second count of appellant's complaint poses a slightly different problem. Without waiving her attack on the validity of the will, Kausch requests that, "in the event that such Last Will and Testament of Louise Thomas Cook, deceased, be held to be a valid Will (which Plaintiff denies)," the Court construe the will so that plaintiff would recover all or substantially all of the personal and real properties from the estate. Plaintiff argues that under this count she is entitled to have the will construed. The allegations are so vague and uncertain that it is difficult to determine whether, apart from the basic attack on the validity of the will, they state a genuine and present controversy, as required by the Declaratory Judgments Act. *See* Tilley Lamp Co. v. Thacker, 454 F.2d 805 (5th Cir. 1972); Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278 (5th Cir. 1971); Dawson v. Vance, 329 F.Supp. 1320 (S.D.Tex.1971). But whether or not the second count meets the requirements for a declaratory judgment, the District Court nevertheless properly dismissed the entire complaint. Any allegations which might form the basis of independent declaratory judgment jurisdiction under the rule of *Sutton* and *Looney* are predicated on the validity of the will, which plaintiff denies and which the federal District Court had no jurisdiction to determine. Since the Court had no power to make a binding determination as to validity, its attempt to make a binding declaration as to construction would be a fruitless and untimely exercise. The case was dismissed by the District Judge without prejudice, which left the parties free to litigate the meaning of the will after the issues as to validity have been concluded.

Affirmed.