KAUTZ, Justice.
[¶ 1] Appellant Robert Oscar Britain is the personal representative of his mother, Patricia Ann Britain's, estate. He filed a declaratory judgment claim challenging a codicil to Patricia's will on the grounds she did not have the capacity to execute the will codicil and his sister, Appellee Kelly L. Britain, exerted undue influence over her.[1]
[¶ 2] The district court dismissed Personal Representative Robert's claim, concluding that his challenges to the codicil could not be brought through a declaratory judgment action. We affirm.
ISSUE
[¶ 3] The dispositive issue in this case is:
Whether the personal representative of an estate can bring a declaratory judgment action to challenge a will codicil on the grounds that the testator lacked capacity and/or was unduly influenced.
FACTS
[¶ 4] Patricia passed away on June 13, 2016. She had three children-Robert, Kelly and Cindy Wheeler. Patricia's last will and testament, dated June 3, 2011, was admitted to probate on July 29, 2016. Pursuant to the terms of the will, Robert was appointed as the personal representative and Patricia's estate was to be distributed as follows:[2]
*980 1. I give, devise and bequeath all of the Flying A Ranch, Inc. Stock which I own at the time of my death to my son, Robert Oscar Britain.
2. I give[,] devise and bequeath to my daughter, Kelly L. Britain[,] the surface rights to the here[in]after described real property.
The mineral rights to said real property shall be equally divided between my son, Robert Oscar Britain[,] and my daughter, Kelly L. Britain.
[real property description omitted]
3. I give [and] bequeath the sum of $5[,]000 to my daughter[,] Cindy Wheeler.
I hereby give, devise and bequeath all of the rest, residue and remainder of my estate, real, personal[,] and mixed, wheresoever situated, whereof I may be seized or possessed or which I may be in any manner entitled, or to which I may be interested at the time of my death, unto my children, Robert Oscar Britain and Kelly L. Britain, share and share alike and in equal shares.
The will also included an in terrorem or no-contest clause which stated:
ARTICLE SEVENTH
Should any person named herein challenge this Will or contest any provision hereof, to each such person pursuing such challenge or contest I bequeath the sum of One Dollar ($1.00) in lieu of any bequest or devise otherwise provided for such person; provided however, that any proceeding or action [in] the nature of a declaratory action, or for any accounting or for removal of my personal representative for cause shall not for these purposes be deemed to be a challenge or contest of my Will.
[¶ 5] The first codicil to Patricia's last will and testament, dated June 24, 2013, was filed in the district court on August 26, 2016. The first codicil changed the estate distribution as follows:
I give, devise, and bequeath all of the Flying A Ranch, Inc. Stock which I own at the time of my death to be divided equally one half to my son, Robert Oscar Britain, and one half to my daughter, Kelly L. Britain.
[¶ 6] On October 12, 2016, Personal Representative Robert filed a motion for approval of a revised notice of probate, stating that Kelly had produced the first codicil that was filed with the court. He requested the court enter an order approving a revised notice of probate which reiterated the original notice of probate, "except that it is to describe the document entitled First Codicil to Last Will and Testament of Patricia A. Britain ... and providing notice that any action to set aside the Will or First Codicil ... is to be filed in the Court within three months from the date of the first publication of the Revised Notice." The court entered an order approving the revised notice of probate.
[¶ 7] On December 19, 2016, Cindy filed a petition to set aside the first codicil on the grounds Patricia was incompetent to execute the codicil and Kelly had exerted undue influence upon her. Kelly filed a motion to intervene to "answer, move to dismiss and/or defend against" Cindy's petition to set aside the codicil. Personal Representative Robert also responded to Cindy's petition. He generally agreed with Cindy's assertions that Patricia was not competent to execute the codicil and that Kelly was the "primary member of our family attending to" Patricia's care at the time the codicil was signed. He also asserted:
25. I understand that my duty as Personal Representative is to administer the Estate according to Patricia Ann Britain's instructions, the law, and the directives of this Court. Uncertainty as to Patricia's instructions exists by virtue of the Petition of Cindy Wheeler, questions as to Patricia's competency to make a codicil in June 2013, and the Motion and proposed Answer of Kelly Britain. Until the challenge to the First Codicil to Decedent's Will is resolved, aspects of my administration cannot occur.
26. The Uniform Declaratory Judgments Act, W.S. §§ 1-37-101 et seq., empowers the Court to determine the validity of the *981 First Codicil, subject to determinations of factual issues as in other civil actions ( W.S. § 1-37-111 ).
27. The possibility of a declaratory action was contemplated by Patricia Ann Britain, as expressed in Article Seventh of her Last Will and Testament of June 3, 2011.
WHEREFORE, as Personal Representative, I ask that the Court determine the validity of the First Codicil to Decedent's Will, subject to determinations of factual issues as in other civil actions, pursuant to the Uniform Declaratory Judgments Act, and to grant the Estate such other and further relief as is warranted under the circumstances.
[¶ 8] The district court granted Kelly's motion to intervene, and she filed a motion to dismiss Cindy's petition to set aside the codicil. Kelly claimed that Cindy did not have standing to challenge the codicil because she was not a "person interested" under the will contest statute- Wyo. Stat. Ann. § 2-6-301 (LexisNexis 2017). That statute provides that "any person interested may, within the time designated in the notice provided for in W.S. 2-6-122 or 2-7-201, contest the will or the validity of the will." Section 2-6-301. (The definition of "will" in Wyo. Stat. Ann. § 2-1-301(a)(xxxiv) (LexisNexis 2017) "includes a codicil.") Kelly claimed that Cindy was not interested because the codicil did not change her share of Patricia's estate, i.e., she was entitled to $5,000 under the original will and the codicil did not affect that devise. The district court agreed that Cindy could not challenge the codicil and granted Kelly's motion to dismiss Cindy's petition to set aside the codicil. No party appealed the district court's order.
[¶ 9] Kelly also filed a motion to dismiss Personal Representative Robert's declaratory judgment claim. She argued, in part, that a declaratory judgment action is not an appropriate means of challenging the validity of the will codicil on the grounds Patricia was incompetent or was subject to Kelly's undue influence. The district court held a hearing on Kelly's motion to dismiss and granted it.[3] Personal Representative Robert filed a notice of appeal.
STANDARD OF REVIEW
[¶ 10] Kelly claimed that Personal Representative Robert's declaratory judgment claim should be dismissed under W.R.C.P. 12(b)(1) and/or (b)(6). Rule 12 states in relevant part:
(b) How to Present Defenses .-Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(1) lack of subject-matter jurisdiction;
....
(6) failure to state a claim upon which relief can be granted[.]
[¶ 11] In considering a dismissal under either Rule 12(b)(1) or Rule 12(b)(6), this Court's role is the same. We conduct a de novo review of the materials that were before the district court. Bush Land Dev. Co. v. Crook County Weed & Pest Control Dist., 2017 WY 12, ¶ 7, 388 P.3d 536, 539 (Wyo. 2017) ( Rule 12(b)(6) ); Moose Hollow Holdings, LLC v. Teton County Bd. of County Comm'rs, 2017 WY 74, ¶ 20, 396 P.3d 1027, 1033 (Wyo. 2017) ( Rule 12(b)(1) ).
"[T]his Court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. ..." Herrig v. Herrig, 844 P.2d 487, 490 (Wyo.1992) (citation omitted), quoted in Davis v. State, 910 P.2d 555, 560 (Wyo.1996). Although dismissal is a drastic remedy which should be granted sparingly, a motion to dismiss " 'is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief.' " Feltner v. Casey Family Program, 902 P.2d 206, 208 (Wyo.1995) (quoting Mummery v. Polk, 770 P.2d 241, 243 (Wyo.1989) ).
*982 Rissler & McMurry Co. v. State, 917 P.2d 1157, 1160 (Wyo.1996), cert. denied, 519 U.S. 1091, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997).
WW Enterprises, Inc. v. City of Cheyenne, 956 P.2d 353, 355 (Wyo. 1998) (emphasis omitted). See also , Bush, ¶ 7, 388 P.3d at 539.
DISCUSSION
[¶ 12] The district court concluded that Personal Representative Robert was not entitled to maintain a declaratory judgment action to address the validity of Patricia's will codicil on the grounds she did not have the capacity to execute the codicil or acted under Kelly's undue influence. The district court interpreted the relevant statutes and determined the statutory procedure for contesting a will is the exclusive means to challenge Patricia's codicil on those bases.
[¶ 13] Resolution of this case requires interpretation of the relevant will contest and declaratory judgment statutes. As we stated above, § 2-6-301 provides the procedure for contesting a will:
After a will has been admitted to probate, any person interested may, within the time designated in the notice provided for in W.S. 2-6-122 or 2-7-201, contest the will or the validity of the will. For that purpose he shall file in the court in which the will was proved a petition in writing containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked.
In this case, the time for contesting the will was governed by Wyo. Stat. Ann. § 2-7-201 (LexisNexis 2017) :
Upon admission of a will or an estate of an intestate decedent to probate and issuance of letters, the personal representative shall cause to be published once a week for three (3) consecutive weeks in a daily or weekly newspaper of general circulation in the county in which the probate is pending, a notice of admission of the will or estate to probate and of the appointment of the personal representative. The notice shall state that any action to set aside the probate of the will shall be brought within three (3) months from the date of the first publication of the notice or thereafter be barred.
(emphasis added).
[¶ 14] Personal Representative Robert challenged the codicil under the Uniform Declaratory Judgments Act (UDJA), as enacted in Wyoming. Wyo. Stat. Ann. §§ 1-37-101 through 1-37-115 (LexisNexis 2017). The relevant sections of the UDJA are:
Section 1-37-103:
Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.
(emphasis added)
Section 1-37-105:
(a) Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or beneficiary of a trust, in the administration of a trust, or of the estate of a decedent, a minor or person under legal disability, may have a declaration of rights or other legal relations in respect thereto:
(i) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others;
(ii) To direct the executors, administrators or trustees to do or abstain from doing any particular act in their fiduciary capacity; or
(iii) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.
(emphasis added).
[¶ 15] This Court interprets statutes as a matter of law de novo. State ex rel. Wyo. Dep't of Rev. v. Hanover Compression, LP, 2008 WY 138, ¶ 7, 196 P.3d 781, 784 (Wyo. 2008) ;
*983 TW v. State (In the Interest of JB), 2017 WY 26, ¶ 10, 390 P.3d 357, 360 (Wyo. 2017). We seek the legislature's intent " 'as reflected in the plain and ordinary meaning of the words used in the statute.' " TW, ¶ 12, 390 P.3d at 360 (quoting Butler v. State , 2015 WY 119, ¶ 7, 358 P.3d 1259, 1262 (Wyo. 2015) (citation omitted) ). We interpret statutes using the following principles:
"Where legislative intent is discernible a court should give effect to the 'most likely, most reasonable, interpretation of the statute, given its design and purpose.' " Adekale [v. State ], [2015 WY 30,] ¶ 12, 344 P.3d [761,] 765 [ (Wyo. 2015) ] (quoting Rodriguez v. Casey , 2002 WY 111, ¶ 20, 50 P.3d 323, 329 (Wyo. 2002) ). In light of this objective, we have said:
We therefore construe each statutory provision in pari materia , giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. ... When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.
Nicodemus v. Lampert , 2014 WY 135, ¶ 13, 336 P.3d 671, 674 (Wyo. 2014) citing Estate of Dahlke ex rel. Jubie v. Dahlke , 2014 WY 29, ¶¶ 36-37, 319 P.3d 116, 125-26 (Wyo. 2014).
Cheyenne Newspapers, Inc. v. Bd. of Trustees of Laramie Co. Sch. Dist. No. One, 2016 WY 113, ¶ 10, 384 P.3d 679, 683-84 (Wyo. 2016).
Blevins v. State, 2017 WY 43, ¶ 27, 393 P.3d 1249, 1256 (Wyo. 2017).
[¶ 16] A "person interested" can challenge a will under § 2-6-301 on the grounds that the testator was incompetent when she executed the will or someone exerted undue influence over the testator. See, e.g. , Matter of Estate of Meeker, 2017 WY 75, ¶ 6, 397 P.3d 183, 185 (Wyo. 2017). A will contest must be made within the statutory deadline. Section 2-7-201 mandates that a will contest be brought "within three (3) months from the date of the first publication of the notice [of probate] or thereafter be barred." Personal Representative Robert did not file an action as a "person interested" to contest the will under § 2-6-301, likely because he feared losing his inheritance under the in terrorem or no-contest clause in "Article Seventh" of Patricia's will.
[¶ 17] The question, then, is whether Personal Representative Robert could ignore the will contest procedure in the probate code and obtain a declaration under the UDJA that the codicil was invalid because Patricia was incompetent to execute it or was under Kelly's undue influence. "The Uniform Declaratory Judgments Act is remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to legal relations, and is to be liberally construed and administered." Section 1-37-114. See also , City of Torrington v. Smith, 2016 WY 126, ¶ 20, 386 P.3d 336, 342 (Wyo. 2016). We explained in Rock v. Lankford, 2013 WY 61, ¶ 36, 301 P.3d 1075, 1085 (Wyo. 2013) :
The [Uniform Declaratory Judgments] Act grants courts of record ... the power to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." § 1-37-102. The Act allows district judges to construe various kinds of documents, to declare a fiduciary's rights, and to make determinations of water rights disputes. §§ 1-37-103 to -106. The Act even provides that the enumeration of specific kinds of declarations which can be made is not a limitation on a court's power to render a declaratory judgment relating to other kinds of disputes. § 1-37-107.
[¶ 18] Citing the general rule of statutory construction that specific statutes control over general statutes addressing the same subject when they are in apparent conflict, the district court determined that the specific will contest statute provides the exclusive means of challenging a will on the bases of testator incapacity or undue influence and the general provisions of the UDJA could not be used in place of a will contest. Id., ¶ 37, 301 P.3d at 1085 (citing Gronberg v. Teton County Housing Authority, 2011 WY 13, ¶ 45, 247 P.3d 35, 45 (Wyo. 2011) ; Hall v. Park County, 2010 WY 124, ¶ 12, 238 P.3d 580, 584 (Wyo. 2010) ; and *984 Horse Creek Conservation Dist. v. State ex rel. Wyo. Att'y General, 2009 WY 143, ¶ 39, 221 P.3d 306, 318 (Wyo. 2009) (other citation omitted) ). Personal Representative Robert argues that the will contest statute and the declaratory judgment statutes are not in conflict and they can co-exist to provide separate remedies to challenge testamentary documents on the grounds of incapacity or undue influence. He claims that a person interested, like an heir at law, can challenge the validity of a will under the will contest statute and a personal representative can challenge the validity of a will in a declaratory judgment action.
[¶ 19] The general rule is that, despite the UDJA's broad language regarding determinations of the validity arising under a will (§ 1-37-103) and questions arising in the administration of an estate (§ 1-37-105), a declaratory judgment action "may not be used to determine the validity of a claim that a valid will exists since to do so would subvert the statutory scheme and time limitations established by the state probate law. Similarly, the exclusive method of challenging a will alleged to be invalid on the ground of undue influence is by a will contest action." 22A Am. Jur. 2d Declaratory Judgments § 144 (2018) (footnotes omitted). See also , 26 CJS Declaratory Judgments § 112 (2018) ; Howard Hughes Medical Institute v. Lummis, 596 S.W.2d 171, 173 (Tex. Ct. App. 1980) (explaining that allowing a declaratory judgment action to determine the validity of a will "would impermissibly subvert the statutory scheme and time limitations established by the probate code").
[¶ 20] While Wyoming does not have any case law directly addressing whether a will contest is the exclusive means of testing the validity of a will, we have considered similar claims in other contexts. In Rock , this Court was called upon to determine whether electors could challenge election results under the UDJA instead of under the statutes which specifically govern election contests, Wyo. Stat. Ann. §§ 22-17-105 and 22-17-106. We held the electors could not maintain a declaratory judgment action to contest an election when there was a specific statutory remedy available. We said, "the legislature intended to make contest of a ballot proposition an exclusive remedy for challenging a successful ballot proposition[.]" Rock, ¶ 37, 301 P.3d at 1085. The election contest statutes incorporated several specific requirements, including that the petition be brought by five registered electors not later than fifteen days after the election results were certified. Id., ¶ 20, 301 P.3d at 1081. In adopting a procedure for contesting elections which incorporated specific limitations, the legislature obviously "did not intend for the Uniform Declaratory Judgments Act to render those limitations meaningless." Id., ¶ 37, 301 P.3d at 1085. See also , Broek v. County of Washakie, 2003 WY 164, ¶ 7, 82 P.3d at 269, 272 (Wyo. 2003) (declaratory judgment action could not be used by the county to establish a public road when there was a specific statutory procedure for establishing a public road by prescription).
[¶ 21] An Ohio court of appeals addressed the exclusivity of a will contest in Davidson v. Brate, 44 Ohio App.2d 248, 337 N.E.2d 642, 645 (1974). The court of appeals considered the "validity arising under such instrument" language from the UDJA and concluded: "[W]e are persuaded that in Ohio, despite the use of the word 'validity' in [the Ohio statute which tracks § 1-37-103], the exclusive method of challenging a will alleged to be invalid on the ground of undue influence is by a will contest action ... and that in such instance an action for a declaratory judgment ... does not lie." Id. The court further explained:
When the several sections of the Declaratory Judgments Act and the Will Contest Act here pertinent are read together, we believe that it must be concluded that the Will Contest Act was designed to provide a special and exclusive remedy for testing, in terms of the essential requisites of age, competency, lack of restraint or revocation, the basic validity of the entire document purporting to be a last will and testament, while the Declaratory Judgments Act is a general remedial statute providing a means of determining less fundamental questions of construction or validity arising under the language of and intrinsic to the will itself. It is clear to us that fundamental issues related to matters extrinsic to the contents of the will and calling into question *985 the competence of the entire document-the issue of undue influence-must be raised by contesting the will under R.C. Chapter 2741, whereas issues related to the legal propriety, meaning or effect of the particular contents of the will-whether a clause or paragraph is in violation of the rule against perpetuities-are proper objects of an action for a declaratory judgment.
Id. at 645-46.[4] See also, Kausch v. First Wichita Nat'l Bank, 470 F.2d 1068, 1069-70 (5th Cir. 1972) (Considering a Texas statute which included the "validity arising under the instrument" language like in § 1-37-103, the Fifth Circuit Court of Appeals said the phrase does not give the court "power to conduct an independent inquiry into the validity of the will as a testamentary instrument" to determine if the testator had capacity to make a will or was under undue influence).
[¶ 22] Like the election contest statutes, the Wyoming probate code is very clear that, in the absence of a will contest prior to the statutory deadline, any later challenge to the probate of the testamentary instrument is "barred." Section 2-7-201. Additionally, Wyo. Stat. Ann. § 2-6-306 (LexisNexis 2017) provides that "[i]f no person within the time designated in the notice provided for in § 2-6-122 or § 2-7-201 files a petition to contest the will or its validity, the probate of the will is conclusive." This statute is broad, applying to all "persons" and does not provide an exception for a personal representative to bring an action to declare a testamentary instrument invalid under the UDJA. Thus, the general rule that a declaratory judgment action cannot be used in lieu of a statutory procedure for contesting a will is in keeping with the plain language of Wyoming's probate code.
[¶ 23] The strong language in the probate code differentiates a will contest from the situation presented in Cox v. City of Cheyenne, 2003 WY 146, ¶¶ 21-27, 79 P.3d 500, 508-09 (Wyo. 2003). In that case, we held the procedure in Wyo. Stat. Ann. § 15-1-409(a) (LexisNexis 2003) for annexed landowners to challenge an annexation decision did not provide an exclusive remedy. Landowners who were not granted a right to contest an annexation decision in § 15-1-409(a) could bring a declaratory judgment action to challenge the decision because the legislature did not expressly deny "other classes of aggrieved persons the right to bring a declaratory judgment action challenging the validity of the annexing ordinance." Id., ¶ 23, 79 P.3d at 509.
[¶ 24] Personal Representative Robert argues that a personal representative can challenge the testator's competence or bring a claim of undue influence under § 1-37-105's language which allows a declaratory judgment action to determine a "question arising in the administration of the estate." He does not cite to any pertinent authority adopting that interpretation of the statutory language. Such an interpretation would undermine the legislature's intent to make a will contest the exclusive means of testing testator competence or issues of undue influence. Additionally, we have surveyed the Wyoming statutes describing the powers and duties of a personal representative in administering an estate and find no mention of a challenge to testamentary instruments. See, e.g ., *986 Wyo. Stat. Ann. § 2-7-103 (LexisNexis 2017) (personal representative charged with taking possession of all the estate of the decedent and collecting all debts due to the decedent or the estate); §§ 2-7-104 through 110 (LexisNexis 2017) (actions maintainable by or against a personal representative and other duties of personal representative); §§ 2-7-401 through 414 (LexisNexis 2017) (personal representative's duties to marshal assets); §§ 2-7-601 through 627 (LexisNexis 2017) (personal representative duties with regard to the sale and disposition of estate property); §§ 2-7-701 through 729 (LexisNexis 2017) (personal representative's duties with regard to claims against the estate); §§ 2-7-801 through 815 (LexisNexis 2017) (personal representative's duties with regard to the final report, accounting, distribution of estate, and discharge). Wyoming's enumeration of the powers of a personal representative in administering an estate is consistent with the general definition of "administration of estate":
Administration of an estate involves realizing the movable assets and paying out of them any debts and other claims against the estate. It also involves the division and distribution of what remains.
Black's Law Dictionary (10th ed. 2014). The plain meaning of the provision which allows a personal representative to bring a declaratory judgment action for any "question arising in the administration of the estate" does not include a challenge to the testamentary instruments, themselves.
[¶ 25] Furthermore, if we were to accept Personal Representative Robert's argument that the validity of the will may be challenged in a declaratory judgment action, the probate code's time limits for bringing a will contest would be rendered meaningless. The district court discussed the time limitations applicable to will contests, as follows:
[T]he Court finds Kelly's argument regarding the potential circumvention of the time limitations found within the probate code compelling. Kelly argues that if both the [UDJA] and the will contest statute are deemed permissible ways to challenge the Codicil in this case, then such an interpretation would effectively render the time limits outlined in the will contest statute meaningless since a declaratory judgment action could be commenced at any time. Especially given the facts of this case, the Court is not willing to interpret the [UDJA] in such a manner as to render another statute meaningless.
[¶ 26] Personal Representative Robert argues that allowing the personal representative of an estate to maintain a declaratory judgment action to determine the validity of a will does not undermine the deadlines contained in the probate code. He asserts "[t]he specific time restriction for will contests does not ... preclude the institution of an action for declaratory relief inside of a probate and prior entry of a final decree of distribution." Relying on Lon V. Smith Foundation v. Devon Energy Corp., 2017 WY 121, ¶¶ 19-20, 403 P.3d 997, 1003-04 (Wyo. 2017), he asserts that a challenge to the will under the UDJA should be considered timely if it is brought prior to entry of a final decree of distribution. Lon V. Smith Foundation concerned a completely different question and is not helpful in deciding the issue presented in this case. There, the plaintiff sought to set aside a provision in a decree of distribution entered many years before by arguing it did not reflect the clear intent of the testator as expressed in his will. We held that "the time for evaluating the intent of the testator is during probate" and a decree of distribution could not be collaterally attacked even if it was contrary to the terms of the will. Id.
[¶ 27] Undoubtedly, the time of determining the testator's intent is during the probate. However, that does not mean that the validity of a will can be challenged at any time during the probate. Sections 2-6-301 and 2-7-201 specifically provide the appropriate period for challenging the validity of the will based upon lack of capacity or undue influence-within three months after the date of first publication of the notice of probate. If no timely challenge is made to the will, "the probate of the will is conclusive." Section 2-6-306.
[¶ 28] Under Personal Representative Robert's interpretation of the UDJA, the three-month deadline in §§ 2-6-301 and *987 2-7-201 and the conclusiveness of probate mandated by § 2-6-306 would be effectively nullified in favor of a court-made limitation which is tied to the final distribution of an estate. We do not interpret statutes in a way which would render any statutory language meaningless. See, e.g. , Wyodak Res. Dev. Corp. v. Wyo. Dep't of Rev., 2017 WY 6, ¶ 26, 387 P.3d 725, 732 (Wyo. 2017).
[¶ 29] Personal Representative Robert's proposed interpretation would not facilitate the probate code's purpose of promoting expeditious settlement of estates as set out in § 2-7-801:
(a) It is the policy of the state of Wyoming that the administration of estates of decedents be completed as rapidly as possible consistent with due protection of the interests of creditors, taxing authorities and distributees. To effectuate this policy, this code shall be so construed.
(b) The clerk shall maintain a calendar as to each estate opened and shall bring to the attention of the court for appropriate action by the court on its own motion, any failure of any personal representative to meet any time deadlines provided by this code.
(c) The administration of each estate of a decedent shall be completed within one (1) year from the date of appointment of the personal representative unless good cause is demonstrated to the court by a verified report filed by the personal representative, and a court order approving continuance is entered. Failure to comply with this provision may be dealt with by the court by citation for contempt, order of removal and replacement of the personal representative, or any other remedy the court deems appropriate to bring about prompt closing of the estate.
[¶ 30] In Accelerated Receivable Solutions v. Hauf, 2015 WY 71, ¶ 26, 350 P.3d 731, 737 (Wyo. 2015), this Court held that a provision in the probate code which requires a personal representative to notify a creditor that its claim had been rejected by certified mail did not require the personal representative to make sure the creditor received actual notice of the rejection. We said:
"The object of limitation statutes in estate matters is to expedite and facilitate the settlement of estates by providing a procedure whereby the executor or administrator of an estate can wind up the affairs of a decedent in an orderly manner and make distribution of assets as speedily as practicable."
Id., ¶ 24, 350 P.3d at 737 (quoting Park County ex rel. Park County Welfare Dep't v. Blackburn, 394 P.2d 793, 795 (Wyo. 1964) ). See also, In re Estate of Novakovich, 2004 WY 158, ¶ 26, 101 P.3d 931, 937 (Wyo. 2004) ; Rodriguez v. Casey, 2002 WY 111, ¶ 26, 50 P.3d 323, 330 (Wyo. 2002) ; Matter of Estate of Reed, 768 P.2d 566, 572 (Wyo. 1989).
[¶ 31] The three-month deadline for contesting wills allows the issue of the validity of the will to be settled early in the probate, furthering the legislative goal that estate administration be completed within one year from the date of appointment of the personal representative. To allow a will challenge under the UDJA any time prior to final distribution of the estate, as advocated by Personal Representative Robert, would add a procedure to the probate code that was not adopted by the legislature and would undermine the legislative goal of promoting the orderly and timely settlement of estates. We, therefore, conclude that a timely will contest is the exclusive means of challenging the probate of a will on the bases of testator incompetence or undue influence.
[¶ 32] We recognize that our precedent allows a declaratory judgment action in some circumstances even when there are other adequate remedies at law. For example, in Rocky Mountain Oil & Gas Ass'n v. State, 645 P.2d 1163, 1167-68 (Wyo. 1982), we stated: "In Wyoming, the existence of another adequate remedy will not, of itself, preclude declaratory judgment relief." This is consistent with § 1-37-102 which states that "[c]ourts of record within their respective jurisdictions may declare rights, status and other legal relations whether or not further relief is or could be claimed." However, this Court went on to explain in Rocky Mountain Oil & Gas that a declaratory judgment action may not be used as a substitute for an administrative *988 appeal provided by statute. Id. at 1168.
Accordingly, where the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the action should not be entertained. If, however, such desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based, the action should be entertained.
Id. See also, Broek, ¶ 8, 82 P.3d at 273-74. Thus, as a general matter, a declaratory judgment action may be proper even though the petitioner has other remedies at law; however, when the legislature has provided a specific statutory procedure for addressing an issue, a declaratory judgment action may not be used in lieu of that procedure.
[¶ 33] Declaratory judgments do, of course, have a place in estate administration. When a question arises as to the meaning or validity of a certain provision of a will or how to interpret or implement the distribution plan, any person interested under the will or a fiduciary may bring an action under § 1-37-103 or § 1-37-105 for a declaratory judgment in that regard. That is what happened in Estate of Rhoades, 502 S.W.3d 406 (Tex. Ct. App. 2016), a case upon which Personal Representative Robert relies. There, the parties disagreed over how the testator's estate should be distributed under the terms of the will and brought competing petitions for declaratory relief. Id. at 410. The court found the declaratory action was proper even though the will was not admitted to probate and no will contest was pending. Id. at 414-15. Personal Representative Robert argues that Rhoades shows that a declaratory judgment action may be brought to challenge the validity of a will. However, the court in Rhoades specifically noted there was no challenge to the validity of the will; the only question was how the will should be interpreted. Id . The lesson from Rhoades is that a declaratory action is available to interpret the terms of a will.[5]
[¶ 34] As we noted above, Davidson, 337 N.E.2d at 646, recognized that "issues related to the legal propriety, meaning or effect of the particular contents of the will," such as "whether a clause or paragraph is in violation of the rule against perpetuities[,] are proper objects of an action for a declaratory judgment." See also , Rust v. Rust, 147 Tex. 181, 211 S.W.2d 262 (App. 1948) (declaratory judgment action to determine if residuary clause violated the rule against perpetuities was proper). Allowing a declaratory action under such circumstances is consistent with the UDJA as adopted in Wyoming. See §§ 1-37-103 and 105.
[¶ 35] Personal Representative Robert is not seeking interpretation of Patricia's *989 will and/or the codicil or a determination of a question arising in the administration of the estate. He is seeking a declaration that the codicil (part of the testamentary instruments he is supposed to be administering) is invalid because Patricia lacked testamentary capacity or was under Kelly's undue influence. In other words, he is seeking to have the probate of the codicil revoked. The validity of the codicil as a testamentary instrument is precisely the type of issue that would be litigated under the will contest statute if a person interested properly brought such a claim.
[¶ 36] Finally, Personal Representative Robert argues that the district court's refusal to allow a declaratory action under these circumstances undermines Patricia's intent as expressed in Article Seventh of her will, which we quote here again for convenience:
Should any person named herein challenge this Will or contest any provision hereof, to each such person pursuing such challenge or contest I bequeath the sum of One Dollar ($1.00) in lieu of any bequest or devise otherwise provided for such person; provided however, that any proceeding or action [in] the nature of a declaratory action, or for any accounting or for removal of my personal representative for cause shall not for these purposes be deemed to be a challenge or contest of my Will.
[¶ 37] Initially, we note that a testator cannot mandate that the courts provide a remedy that is not allowed by statute. See generally , Schmitz v. Dep't of Workforce Servs., 2017 WY 143, ¶ 21, n.4, 406 P.3d 312, 317, n.4 (Wyo. 2017) (citing Vance v. City of Laramie, 2016 WY 106, ¶ 42, 382 P.3d 1104, 1114 (Wyo. 2016) ) (parties cannot confer jurisdiction upon a court by agreement or waiver). So, to the extent that Personal Representative Robert is arguing that the will allows a declaratory judgment even if the statutes do not, we reject his argument. Furthermore, the result in this case is entirely in keeping with Patricia's intent as expressed in the language of her will. See In re Estate of Stanton, 2005 WY 74, ¶ 10, 114 P.3d 1246, 1249 (Wyo. 2005) (courts seek the testator's intent from the plain words in the will). She obviously intended to discourage challenges to the validity of her testamentary instruments by invoking an in terrorem clause. To allow, as Personal Representative Robert advocates, a declaratory judgment action to determine the validity to the will and/or codicil would undermine the very purpose of the in terrorem clause.
[¶ 38] However, Patricia also wanted to provide a means of seeking a declaration of rights under her will without risking loss of inheritance. The UDJA provides a method for the personal representative or interested person to obtain a declaration of the meaning of terms of the will and/or other questions which may arise in administration of the estate under the will and codicil. Sections 1-37-103 and 105. Our decision here gives proper effect to Patricia's intent to discourage a will contest while allowing a declaratory judgment action on any question involving administration of the estate.
CONCLUSION
[¶ 39] The district court properly dismissed Personal Representative Robert's declaratory judgment action. A will contest is the exclusive method of testing the validity of a will when there are questions about the testator's competence and/or undue influence. A declaratory judgment action is not available to contest a will because it would undermine the probate code's purpose of settling estates in a timely and orderly fashion. Moreover, requiring a challenge to Patricia's will codicil be made through a statutory will contest and within its deadlines is in harmony with Patricia's intent as expressed in the in terrorem clause of her will.
[¶ 40] Affirmed.

Because many parties have the same last name, we will refer to them by their first names.

When Patricia executed the will, her husband, Oscar, was alive, and she named him as the personal representative and primary beneficiary of her estate. However, Oscar predeceased Patricia, so we recite the terms of Patricia's will which address that contingency.

Personal Representative Robert also filed a motion to have the issue certified to this Court pursuant to W.R.A.P. 11. By granting Kelly's motion to dismiss, the district court obviated any need to certify the issue.

The district court and Kelly also cite to Dimuccio v. D'Ambra, 750 F.Supp. 495, 499 (M.D. Fla. 1990) which states: "A request that the Court determine rights due to alleged fraud and undue influence, which are facts extrinsic to the will, deed and joint account cards in the present case, does not fall within the purview of a declaratory judgment action." Dimuccio relied upon precedent which stated: "[A] declaratory judgment action will not lie when judicial determinations involve factual questions and issues and not contract interpretations or construction .... The use of declaratory proceedings is not available where the object is to try disputed questions of fact as the determinative issue rather than to seek a construction of definite stated rights, status, or other relations." Id. (quoting Wolf Sanitary Wiping Cloth, Inc. v. Wolf, 526 So.2d 702 (Fla. Ct. App. 1988) which cited Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla. 1968) ). The Florida courts have since receded from the holding in Bergh that questions of fact are not properly determined in a declaratory judgment action. See, e.g ., Higgins v. State Farm, 894 So.2d 5 (Fla. 2004). The UDJA, as adopted in Wyoming, specifically contemplates determination of factual issues. Section 1-37-111 states: "When a declaratory judgment proceeding involves the determination of an issue of fact, the issue may be tried and determined as in other civil actions." Therefore, Dimuccio is not persuasive precedent.

Rhoades, 502 S.W.3d at 411, cites a case which, at first blush, seems to support Personal Representative Robert's argument that a will may be challenged for testator incompetency or undue influence in a declaratory judgment action-Harkins v. Crews, 907 S.W.2d 51 (Tex. Ct. App. 1995). However, upon closer inspection, the case does not stand for the proposition that a stand-alone declaratory judgment action is available to challenge the validity of a will on those grounds. The testator had executed three different wills (in 1983, 1987 and 1990) and five codicils and competing parties advocated different versions of his will. The 1990 will was offered for probate. The contestants challenged the probate of the 1990 will on several grounds, including undue influence and lack of testamentary capacity, and applied for probate of the 1983 will. Id. at 54. The contestants "also sought a declaratory judgment in the district court as part of the will contest proceedings that the 1987 will and codicils were invalid and without legal effect because appellants refused to make an alternate application for probate of the 1987 will and codicils when requested to do so." Id. The district court held a jury trial and the jury concluded the "1987 and 1990 wills and codicils were executed when decedent lacked testamentary capacity and that the 1990 will and codicils were procured by undue influence." The district court then admitted the 1983 will to probate. Id. On appeal, the appellants argued that the declaratory action involving the 1987 will was improper because that will had not been admitted to probate. The court of appeals held that, under the unique facts of that case, the combined will contest and declaratory action was proper. It specifically noted: "Ín the case before us, all known wills were before the court, and the validity of all of the wills had been placed in issue in a will contest." Id. at 55. Harkins , therefore, did not allow a declaratory judgment action in lieu of a will contest.